GARDINER *v.* STUDEBAKER CORPORATION.

1. TRIAL—CREDIBILITY OF WITNESS—UNDISPUTED EVIDENCE.

Where there was no evidence, either direct or circumstantial, that an accident happened in any other way than as testified to by witness, the court below was not in error in refusing to submit the question of his credibility to the jury.

2. SAME—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for personal injuries caused by defendant's motor truck to a girl four years of age, resulting in her death, the happening of the accident alone is not evidence of negligence of defendant sufficient to take that question to the jury.

3. SAME—BURDEN OF PROOF—PRIMA FACIE CASE—QUESTION FOR JURY.

A plaintiff suing for damages based on defendant's negligence is bound to prove his cause of action, and must make a *prima facie* case of negligence before he is entitled to take the judgment of the jury.

Error to Wayne; Hosmer, J. Submitted October 10, 1918. (Docket No. 29.) Decided December 27, 1918.

Case by Harry M. Gardiner, administrator of the

See notes in 26 L. R. A. (N. S.) 435; 32 L. R. A. (N. S.) 1177.

estate of Bernice Gardiner, deceased, against the
Studebaker Corporation for the alleged negligent kill-
ing of plaintiff's decedent. Judgment for defendant
on a directed verdict. Plaintiff brings error. Af-
firmed.

*Clarence P. Milligan,* for appellant.

*Stevens T. Mason,* for appellee.

FELLOWS, J. From this record it appears that de-
fendant has at least two plants in the city of Detroit.
The distance between them is five or six miles. It
transports material from one to the other by auto
trucks, which have trailers attached to them. The
usual route taken passes along McGraw avenue, an east
and west street, said to be 26 or 28 feet wide from curb
to curb at the place of the accident herein involved.
Plaintiff's decedent, a little girl lacking one week of
being four years old, was so seriously injured by one
of these trucks that she died within a few hours. The
declaration in this action brought by plaintiff, father
of deceased, as administrator, under the "survival
act," counts upon the negligence of defendant as the
proximate cause of her death. Upon the trial plain-
tiff called as an adverse witness under the statute the
driver and cross-examined him at length. He testified
that the accident occurred about half past 10 in the
forenoon; that he was going from plant No. 1 to plant
No. 3 with a load of automobile tops, proceeding west
on McGraw. The truck consisted of a new six-cylin-
der Studebaker without the touring body, upon which
the trailer attachment was placed; the trailer was
about 20 feet long and was somewhat wider than the
automobile proper. He testifies that he was going
from 8 to 10—10 to 12 miles an hour; that he was
on the right (north) side of the street; that he pro-
ceeded across Linwood avenue; that the little girl

came out from behind a vehicle, variously called in the record a "mud wagon," a "mud hack," a "dump wagon"; that she came from the south; that he sounded his horn, applied his brakes, turned his machine to the right; that "she kept running right in"; that he reached out and pushed her back from the machine. Subsequent events tend to show that she was run over by the trailer. He testifies that but for the dump wagon he would have seen the child. There is no other testimony as to how the accident happened. There is testimony that there were tracks of the automobile wheels on the curb, but this tends to corroborate the driver's testimony that he turned his machine to the right in attempting to avoid the accident, rather than to disprove it.

After the accident the driver was taken before the prosecuting attorney and interrogated in the presence of a stenographer. He was also called as a witness upon the coroner's inquest. The stenographers' transcripts were offered in evidence. They are not incorporated in the bill of exceptions, but defendant's counsel conceded they do not show any statement by the witness with reference to the dump wagon. Plaintiff's counsel argues from this that the credibility of this witness was for the jury; that there arose a question of fact for the jury to determine; that the trial court erred in not submitting such question of fact to the jury and in holding that there was no testimony controverting the testimony of the driver as to the manner in which the accident happened. The difficulty with counsel's contention and its availability to work a reversal of the case lies in the fact that there is no evidence in the case, either direct or circumstantial, that the accident happened in any other way than as testified by this witness. If plaintiff had introduced evidence showing or tending to show negligence, or had established facts from which an inference of

negligence might be legitimately drawn, then the credibility of this testimony and the weight to be given it would be for the jury. But the happening of the accident alone is not evidence of negligence of the defendant sufficient to take that question to the jury. And unless there was some evidence, either direct or circumstantial, that defendant's negligence was the proximate cause of the death of decedent, a case was not made for the jury. If we should follow counsel's contention to its logical conclusion, it would result that by calling an adverse witness under the statute and then producing evidence discrediting him, without any affirmative evidence of negligence, either direct or circumstantial, a case for the jury would be made out. We cannot subscribe to such a doctrine. The plaintiff is bound to prove his cause of action. He must make a *prima facie* case of negligence of the defendant before he is entitled to take the judgment of the jury. In the instant case he failed to do this. The defendant's truck was on the right side of the street; there is no evidence of any defect in the brake; no evidence that the driver was exceeding the limit of speed prescribed by the statute or by any ordinance of the city of Detroit; no evidence that the driver did or failed to do anything which produced or would have prevented the accident. The case is clearly distinguishable from *Winckowski* v. *Dodge,* 183 Mich. 303, and quite like *Barger* v. *Bissell,* 188 Mich. 366. We may well dispose of this case with the concluding portion of the opinion in that case.

"Drivers upon highways are not held as insurers against accidents arising from negligence of children or their parents, and though in law such negligence in a particular case may not be a defense, as contributory negligence, for a driver also guilty of negligence, the fact of an accident does not establish liability or raise a presumption that the driver is negligent.

"A careful consideration of the record in this case

leads to the conclusion that this unfortunate accident occurred as the result of an emergency on the highway which arose through no fault of the driver, and that his conduct, under the circumstances disclosed by the evidence, raises no inference of actionable negligence which makes out a *prima facie* case."

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.