JAMES DISHER, Appellee, v. GEORGE E. KINCAID, Appellee, et al., Appellant.

**NEGLIGENCE:** "Last Clear Chance"—Speculation as to Knowledge.
1 The doctrine of the "last clear chance" should not be submitted to the jury on a record which would force the jury to *speculate* on the question whether the party sought to be charged actually saw the danger of the other person in time to prevent the injury by reasonable effort.

**NEGLIGENCE:** Acts Constituting—Minors. The owner of an automobile
2 who is sought to be held liable for the negligent acts of his minor child as driver may not insist that the utmost duty of the minor was to use that degree of care *which a person of his age and experience would ordinarily exercise,* when the owner was present in the car at the time in question, and necessarily had full control over the conduct of the minor.

*Appeal from Clinton District Court.*—A. J. HOUSE, Judge.

FEBRUARY 17, 1922.

ACTION for damages caused by the collision of an automobile with a bobsled upon which plaintiff and others were coasting, on Sixth Street, in the city of Clinton. Verdict and judgment for plaintiff against the defendant Grace G. Kincaid, and she appeals.—*Reversed.*

*Wolfe, Wolfe & Claussen,* for appellant.

*John E. Purcell* and *W. H. Carroll,* for appellee.

STEVENS, C. J.—I.  Early in the afternoon of February 1, 1920, an Essex car in which the defendant Grace G. Kincaid and her minor son, William Kincaid, were riding, collided with a bobsled, on which James Disher and several

1. NEGLIGENCE: "last clear chance:" speculation as to knowledge.

companions were coasting, at the intersection of Sixth Street and Seventh Avenue in the city of Clinton.  James Disher received serious injuries, and a little girl who was on the sled was killed.  The court, at the conclusion of plaintiff's testimony, sustained a motion to direct a verdict in favor of the defendant George E. Kincaid, who is the husband of his codefendant, and overruled the motion as to Mrs. Kincaid, but in his charge to the jury withdrew the general issue of negligence charged against her in the operation of the automobile, and submitted the case to the jury upon the theory of negligence under the doctrine of the last clear chance only.  The issue as submitted by the court was narrowed, and the court sought to carefully guard every right of the defendant, assuming, of course, that there was sufficient evidence to justify the submission of this question to the jury.  Appellant stoutly maintains that the evidence was wholly insufficient for that purpose.  The court instructed the jury that the burden rested upon the plaintiff to show that defendant, after actual knowledge that plaintiff was in a position of peril, failed to exercise reasonable care to prevent the collision and consequent injury to him.

Seventh Avenue extends east and west through the city of Clinton, and Sixth Street, north and south.  There appears to have been considerable coasting on Sixth Street, which was forbidden by an ordinance of the city, on what is known as the Sixth Street hill.  The sleds were started to the north, a short distance south of Seventh Avenue, but apparently attained considerable speed by the time they reached the intersection thereof with Seventh Avenue.

The sled on which plaintiff was riding at the time of the injury was one he had made himself.  He occupied a position

near the front of the sled, so that he could guide its course. With him were five other children. The car in which defendant was riding was proceeding westward on Seventh Avenue. Charles Frank and wife, when near the southeast corner of Seventh Avenue, observed the coasters preparing to start down the hill, and almost immediately thereafter observed the automobile, approaching the intersection from the east. Both Frank and his wife testified that he ran east a short distance and to the center of Seventh Avenue, and waved repeatedly to the driver of the automobile to stop. The driver of the automobile apparently did not heed the signals, but continued its course toward the intersection. Had he looked south in the direction from which the sled was approaching, he could have seen it for about 75 feet south of the intersection. The automobile struck the sled about the center, and then veered to the southwest, striking a tree on the parking about five inches in diameter and breaking it off, before the car was stopped. The children became entangled in some way under the car, with the results already stated. Other witnesses testified that the driver, before reaching the east side of the intersection, greatly accelerated the speed of the car. The defendant and the driver of the car denied that they saw the signals of the witness Frank, or that they increased the speed of the automobile, which, they testified, was about 12 miles per hour.

The record contains no direct evidence that either the defendant or the driver of the car actually saw the sled approaching, or knew of the perilous position of the plaintiff before the collision. Both testified that they obtained only a fleeting glimpse of the sled. The witness Frank testified that, from the point where he stood, in the center of Seventh Avenue, about 25 yards east of the intersection, the view on Sixth Street to the south was unobstructed for about 25 yards. The corner lot on the east side of Sixth Street was vacant. Both occupants of the car denied that they saw the witness Frank in the street, or that they saw him signaling them. The speed of the sled was rapid, and the time that elapsed between the time when defendant and the driver of the car could have seen the sled approaching the intersection on Sixth Street and the collision could not have exceeded a few seconds.

The speed of the automobile, according to the testimony of the defendant and her son, was about 12 miles per hour, and according to the testimony of other witnesses, from 25 to 35 miles per hour. The collision occurred near the center of the intersection. The width of Sixth Street is not shown, but one of the witnesses testified that the distance between the sidewalks was 60 or 80 feet. The street was somewhat icy, and the testimony varies greatly as to the distance within which the automobile, which was an Essex, could have been stopped, if traveling at the various speeds estimated by the witnesses. The testimony of these witnesses varies from 15 to 50 feet. As already indicated, no effort was made by the driver of the car to stop it until after the collision, when it was turned toward the curbing and brought to a standstill, after breaking a tree five inches in diameter.

A careful consideration of the record satisfies us that the case should not have been submitted to the jury upon the theory indicated. Too much was necessarily left to the speculation of the jury. Both occupants of the car denied that they saw the sled until approximately the instant the collision occurred. Of course, the credibility of this testimony was for the jury; but the facts and circumstances disclosed confine the entire occurrence within too narrow limits, without more definite testimony than appears in the record that the occupants of the car actually saw the perilous condition of the plaintiff in time, by the use of reasonable care, to have avoided the collision, to justify the application of the last clear chance to the case. Defendant's motion to withdraw this issue from the jury should have been sustained.

II. The court instructed the jury that it was the duty of William Kincaid, the driver of the automobile, to use reasonable care, in the operation of the automobile, to avoid injuring plaintiff after his presence was actually known to him. Counsel for appellant complain of this instruction, and contend that the degree of care required of the driver was only such as a boy of like age, experience, and understanding would exercise under like circumstances. The defendant, who had the right to direct and control the movements of the car, is in no position to complain

2. NEGLIGENCE: acts constituting: minors.

of the instruction given. The rule for which appellant contends is not applicable to this case, and it would have been error for the court to have submitted the case to the jury upon appellant's theory. The instruction given is obviously correct. The exception urged to the ninth paragraph of the court's charge is based upon the same thought of counsel, and need not be given separate consideration.

It follows that the judgment of the court below is— *Reversed.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.