DOLORES MCMAHON, by JOHN MCMAHON, her next friend, etc., Appellee, v. GEORGE RAUCH et al., Appellants.

No. 45586.

JUNE 17, 1941.

E. W. Brashaw and Elbert Heiserman, for appellee.

Remley & Remley and Putnam, Putnam, Fillmore & Putnam, for appellants.

SAGER, J.—On the 13th day of December, 1939, about 12:30 o'clock p. m., appellant Rauch, who will for convenience be spoken of as if the only appellant, was driving westward on

Main Street in Cascade, Iowa, a truck owned by his co-appellant, this with the latter's consent. Appellant was driving at the speed estimated of between twenty and twenty-five miles an hour proceeding on the right-hand (his proper) side of the street. Just before reaching an intersecting street, appellee, a child of seven years, ran out into the street ahead of appellant's truck and was struck by the left-hand light and fender thereof. No witness saw the child until she was struck unless it be the appellant who testified that he saw the top of her head as she passed in front of the truck. It is the contention of appellant that the child darted so suddenly from between cars parked on the right-hand side of the road and that though he was proceeding with caution he had no opportunity to avoid injuring her.

The testimony of one Herard, who was standing across the street and whose attention was called when he heard a "thump", introduces at this point a distinct element of dispute in that he testified that there were no cars parked east of what had been called in the record the "Gamble truck." This marked the place where the child entered the street. If the jury believed this the child must have been in plain sight, and a question of fact for the determination of the jury was presented. The appellant introduced photographic exhibits which show a number of cars parked east of the Gamble truck. These, it is said, made it impossible for the appellant to have seen the appellee until she emerged from between the cars, at which place she would have been only eleven feet from the middle of the highway. The accident happened just north of the black line. As against this, the jury could find from the evidence that other cars may have been parked in the space claimed by Herard to have been vacant, between the time the child was picked up and the time these photographs were taken. These facts substantially comprehend the whole record except matters which need not be here considered.

The trial court, in overruling appellant's motion to direct at the end of appellee's testimony, recognized that the case was a close one. We can do no better than to quote the language of the trial court as a very accurate summing up of the situation as the record presents it:

"The thought occurs to me that the evidence is pretty meager as to what happened up there. I am aware of the principle that the mere happening of an accident doesn't in and of itself afford any evidence of negligence. The street up there was narrow. The defendant was on the right side of the street possibly where he ought to have been. I don't think that he was driving at an excessive rate of speed. He was keeping himself within the limits there fixed by the law * * * which prohibited putting a speed limit at that point. But here we have a man going along the street; there is some evidence that it was open; that this girl came from the sidewalk; she passed evidently in front of his car, necessarily must in order to be struck by the left hand light and fender. Is there anyone that can say now that the evidence doesn't establish there, so it would be reasonably inferred, she was in plain sight if he had been looking? Of course, it was his duty, in the exercise of ordinary care, to keep a proper lookout ahead and have his car under control. This girl left the sidewalk. Now the evidence is mighty meager as to why she left. No evidence at all as to the speed she was going, and I don't think there is evidence here from which the Court would be justified in saying that the view of the street was obscured, and yet the accident happens there to the child practically in the middle of the street after she had passed in front of this man's car, and his statement or excuse is simply that he didn't see her. * * *

"* * * We get right down to the question of this man driving along the street and striking a child. He gives no explanation except the mere fact he didn't see her. She had been on the sidewalk; she left a place traveled by pedestrians and went to a place where she had no business to go. She can't be held guilty of contributory negligence simply because of a rule of law; yet she goes out into the street—whether she ran swiftly or went slowly doesn't appear here in this record—she was out there and got struck. Now the Court is called on to decide the question as to whether there is any evidence in this case from which a jury, sitting as reasonable men and women, might determine this man guilty of negligence. I don't know. I will take the matter into consideration as to just how I submit this."

The motion to direct was renewed at the end of all the testimony. By that time reflection had evidently induced the trial court to the definite conclusion that a jury question was presented and we agree. The motion to direct may be summed up to the effect that the appellee had failed to make a case; that the record failed to disclose negligence on the part of appellant proximately contributing to appellee's injuries; and that appellee herself was guilty of negligence. Discussion and amplification would add nothing to what has already been said with reference to whether or not there was a fact question.

The first division of appellant's argument is devoted to the matters just considered. He urges that a motorist is not required to anticipate that a child he cannot see on the sidewalk would suddenly run into the street into the path of his automobile; that the most that can be required of the driver is that he must anticipate that the child may leave a place of safety and dart into the path of his vehicle when the child is in view in a place of safety. These cases are cited in support of this argument:

Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84; Klink v. Bany, 207 Iowa 1241, 224 N. W. 540, 65 A. L. R. 187; Crutchley v. Bruce, 214 Iowa 731, 240 N. W. 238; Watson v. Home Mutual Ins. Assn., 215 Iowa 670, 246 N. W. 655; Howk v. Anderson, 218 Iowa 358, 253 N. W. 32; Chipokas v. Peterson, 219 Iowa 1072, 260 N. W. 37, 113 A. L. R. 524; McBride v. Stewart, 227 Iowa 1273, 290 N. W. 700; Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685; Darr v. Porte, 220 Iowa 751, 263 N. W. 240; Lenth v. Schug, 226 Iowa 1, 281 N. W. 510; Noland v. Kyar, 228 Iowa 1006, 292 N. W. 810.

These contentions may be conceded in a proper case but here the jury might find under the testimony of Herard that the appellant would have seen appellee had he been in the exercise of ordinary care.

Appellant's next complaint is that the court erred in not withdrawing the matter of proper lookout as a specification of negligence. In support of this it is urged that it is error for the court to submit an issue upon which there is no evidence in the record. This, too, may be conceded under the circumstances

before us without helping appellant. From what has been said it is apparent that the jury might have found that had appellant been maintaining a proper lookout, he would have seen the child while she was on the sidewalk.

Appellant's third division is that the court erred in failing to strike from the petition, appellee's specification No. 6 which is as follows: ''In failing to see Dolores McMann crossing said Main Street.'' These authorities are cited: Rolfs v. Mullins, 179 Iowa 1223, 162 N. W. 783; Klink v. Bany, supra; Looney v. Parker, 210 Iowa 85, 230 N. W. 570; Knutson v. Lurie, 217 Iowa 192, 251 N. W. 147; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393; Lang v. Siddall, 218 Iowa 263, 254 N. W. 783; section 5027.05, 1939 Code of Iowa; Scott v. McKelvey, 228 Iowa 264, 290 N. W. 729.

All (except the Code citation) are distinguishable in that none presents the element that a jury could have found that the injured child would have been seen on the sidewalk or other place of safety had due care been exercised. It might perhaps be argued with some plausibility that if this instruction stood alone, it would have been of doubtful propriety; but taking the instructions as a whole it would seem to have required of the jury an uncommon aptitude for misunderstanding to have read in these instructions a duty not properly imposed on appellant. In fact a reading and rereading of these instructions leaves a distinct impression that the trial court, aware of the closeness of the question involved, made a painstaking effort to protect the appellant on every question that could arise in the case. Thus throughout it is urged upon the jury that the most that could be required of the appellant, under any view the jury might take of the circumstances, was the exercise of reasonable care. They were told that that was the measure of caution required to see or have seen the appellee before the collision, and unless appellee had proven failure on the part of appellant to observe that requirement, the latter was not liable.

The same thought was repeated on the question of keeping a lookout. Again the jury was specifically charged that the appellant was under no duty of anticipating that any person would enter the street at that point (between intersections) and

that if the jury found that appellee suddenly ran into the street from a place between parked cars or any other position wholly or partially obscured the appellant would not be liable if he exercised ordinary care. Still further the court gave an instruction explaining that the appellant would not be liable when confronted by an emergency not of his making if he acted with due care, even though in the retrospect a different course would have been seen to have been better; lastly, that no presumption of negligence could arise from the happening of the accident itself.

On the whole, a careful consideration of the entire record persuades us that the case was fully and fairly submitted and the judgment of the trial court on the jury's verdict should be, and it is, affirmed.—Affirmed.

HALE, C. J., and OLIVER, GARFIELD, BLISS, STIGER, WENNERSTRUM, and MITCHELL, JJ., concur.