Kuklinski, by Guardian *ad litem*, and another, Appellants, vs. Dibelius and another, Respondents.*

*September 7—October 5, 1954.*

* Motion for rehearing denied, with $25 costs, on December 7, 1954.

For the appellants there was a brief and oral argument by *N. Paley Phillips* of Milwaukee.

For the respondents there was a brief and oral argument by *Wallace A. Barr* of Milwaukee.

BROADFOOT, J.   Upon this appeal the plaintiffs contend that the defendant driver was guilty of causal negligence as a matter of law in all three respects. There was a conflict in the testimony. Dibelius testified that he was proceeding west on Mitchell street in the city of Milwaukee a short time prior to the accident. A bus was preceding him. He followed the bus west from Sixth to Seventh street where both vehicles stopped. After the bus proceeded across the intersection, he had started to pass the same and when the front end of his car was about even with the front end of the bus, the plaintiff Karen Kuklinski darted out from in front of the bus and into the path of his car. She was crossing the street in the center of the block going from the north side of Mitchell street toward the south. He did not blow his horn but as soon as possible he applied his brakes, leaving skid marks upon the pavement from 15 to 16 feet in length. He testified that he was traveling approximately 15 miles per hour, and that he could not see the child who was approaching from his right

because his view was obstructed by the bus. The front bumper of his car struck the child and threw her across the center of the street and into a lane for eastbound traffic. Karen, at the time of the accident, was approximately four years and eight months of age.

His testimony was corroborated by that of one John B. Liberski, an eyewitness to the accident. This testimony was contradicted in many respects by one Helmuth Sodemann, the bus driver. However, the jury had a right to believe the defendant driver's testimony and, if believed, it warrants the answers made to the special verdict. The jury could have believed the testimony of Sodemann and had it done so and found Dibelius causally negligent in one or more respects, a verdict in favor of the plaintiffs could be sustained.

Under this conflict in the testimony we cannot upset the jury verdict unless there was some error in the trial. The plaintiffs contend that the court erred in its instructions to the jury and that the jury was influenced and prejudiced thereby. The first instruction complained of is as follows:

"You will consider from the evidence whether the minor plaintiff suddenly ran into the street, and if you are satisfied from the evidence that the child unexpectedly and suddenly ran in front of the defendant's automobile at the time when the defendant, George W. Dibelius, Jr., was driving his automobile in an ordinarily careful manner, in the exercise of ordinary care, under such conditions that he had no reason to anticipate or foresee any such action on the child's part, and when the automobile was only such distance away that it could not, in the exercise of ordinary care, have been stopped by said defendant, or effective warning given before the collision with the child, then in that case the failure of the defendant to anticipate or foresee such action on the part of the child cannot be called negligence or a failure to exercise ordinary care. You are to consider from all the credible evidence in this case whether the defendant was negligent in the manner inquired about."

The appellants claim that this instruction was in fact a comment on the evidence and that the jury would infer that the child did unexpectedly and suddenly run in front of the automobile of the defendant driver. It is true that the court must not incorporate into its charge assumptions or positive statements as to facts which are in dispute so as to impress its interpretation of the evidence upon the jury. We do not find that the instruction above violates this rule. The court did not make statements of fact but instructed the jury to determine the matter from the evidence. We do not approve the instruction. A trial court should not give undue prominence to the contention of one party without giving equal prominence to the contention of the other party. However, we do not find that the instruction carried any inference to the jury as to the trial court's interpretation of the evidence.

The trial court also instructed the jury as to right of way between the operator of an automobile and a pedestrian crossing the street. He also gave the usual instruction known as the "emergency rule." The plaintiffs complain that these instructions were also erroneous and prejudicial to them.

All of the challenged instructions were given in connection with the question of the special verdict inquiring as to the negligence of the defendant driver with respect to management and control of his automobile at and immediately preceding the accident. It is true, of course, that Karen Kuklinski, by reason of her age, could not be found negligent with respect to crossing a street in the center of a block. Under the particular circumstances in this case, however, it was a proper instruction for the jury to consider in considering the negligence of the driver of the automobile. The same is true with respect to the emergency rule.

In reviewing instructions given to a jury the whole charge must be taken together. Although some portions of the charge are not in the best form, if the charge as a whole is sufficiently accurate and not calculated to mislead the jury,

a judgment should not be reversed on that account. Thus, although we have criticized one of the instructions, we find that as a whole the instructions plainly stated the law and they were not prejudicial.

Finally, the plaintiffs contend that the court erred in refusing to grant them a new trial. This argument is based upon their belief that the court erred in its instructions and that the defendant driver was causally negligent as a matter of law. As we have affirmed the trial court in those respects, we must also affirm it as to its ruling on the motion for a new trial.

*By the Court.*—Judgment affirmed.