## THOMPSON *v.* CHRISTIAN.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—YOUNG CHILDREN.

   A child who is 3 years and 11 months of age is incapable of contributory negligence.

2. AUTOMOBILES—OBSERVATION OF PEDESTRIANS.

   A motorist must notice persons in the street but need not watch others unless they evidence an intention to enter the street.

3. SAME—PEDESTRIANS—BURDEN OF PROOF—PRIMA FACIE CASE—NEGLIGENCE.

   A child pedestrian who was 3 years and 11 months of age at time of injury when hit by defendant motorist's car is bound to prove his cause of action and make a prima facie case of negligence of the defendant before having the case submitted to the jury.

4. SAME—MOTORISTS NOT INSURERS AGAINST ACCIDENTS TO CHILDREN.

   Drivers upon highways are not insurers against accidents arising from negligence of children or their parents.

5. SAME—PEDESTRIANS—RES IPSA LOQUITUR—PRESUMPTION OF NEGLIGENCE.

   The fact of an accident in which a pedestrian is injured does not establish a defendant motorist's liability or raise a presumption that he was negligent.

6. SAME—PEDESTRIANS—YOUNG CHILDREN—NEGLIGENCE—EVIDENCE.

   Evidence in action by boy 3 years and 11 months of age at time he was running southbound on east side of T-intersection of through 40-foot street with 38-foot stop street which extended

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 204, 205.
   Contributory negligence of children.   107 ALR 4; 174 ALR 1080.
[2] 5 Am Jur, Automobiles §§ 167, 168.
[3] 5 Am Jur, Automobiles §§ 613, 614.
[4] 5 Am Jur, Automobiles §§ 185, 186.
[5] 5 Am Jur, Automobiles §§ 606, 614.

southerly *held*, not to show liability on the part of eastbound defendant who was traveling at about 20 miles an hour and who noticed a car approaching from the right and 2 westbound cars, saw one of the westbound cars swerve, heard the other one blow his horn and then saw plaintiff in the center of the street, skidded some 31 feet from middle of intersection and car did not move after hitting plaintiff although defendant did not blow her horn.

7. Evidence—Cross-Examination—Automobiles—Pedestrians.
    It was not reversible error for trial court to permit defendant motorist to make a reply on cross-examination that when an oncoming car swerved toward her that it distracted her attention and that she could not see plaintiff, a boy then 3 years and 11 months of age, because of the cars (CL 1948, § 617.66).

Appeal from Muskegon; Robinson (Thomas N.), J., presiding. Submitted April 7, 1955. (Docket No. 45, Calendar No. 46,394.) Decided June 6, 1955.

Case by Douglas Thompson, by Elizabeth L. Thompson, his next friend, against Hazel Christian for damages sustained when struck by defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for plaintiff.

*Lou L. Landman* and *M. L. Bradbury, Jr.,* for defendant.

Kelly, J. The main question presented in this appeal is whether the lower court erred in directing a verdict for defendant.

Plaintiff, Douglas Thompson, a boy of 3 years and 11 months, was struck by defendant's car as he ran across Broadway street in the city of Muskegon Heights. Broadway is a through street extending in a general easterly and westerly direction, and is one of the 2 main arteries of travel of the city. Leahy

street extends in a general northerly and southerly direction and comes to a dead end at its junction with Broadway. Broadway street is 40 feet wide; Leahy street is 38 feet wide, and both streets are paved. Vehicles proceeding in a northerly direction on Leahy street are required to come to a stop before entering Broadway. A crosswalk runs northerly and southerly on the east and west sides of Leahy street.

On the day of the accident the boy ran away from his home about 4 o'clock in the afternoon. The accident occurred about 5 p.m., when the boy, unattended, was approximately 1–1/2 miles from his home. The boy was running across Broadway from the northerly to the southerly side of the street. The defendant was driving east on Broadway. Plaintiff admits defendant's "car made but slight contact with the little boy, her car coming to a stop at the moment it struck him."

The police arrived at 5:15 p.m. Police officer Farkas testified:

"When I got there, I found the automobile in the street at the intersection of Leahy and Broadway and the child at the curb on the terrace. The automobile was facing in an easterly direction, approximately at the east crosswalk line on Broadway. The left side of the car was 8 feet from the center line of Broadway.

"There were skidmarks. The skidmarks started approximately in the center of the intersection of Leahy street and proceeded in an easterly direction, 31 feet and 2 inches from the center line of Leahy.
\* \* \*

"When I commenced my investigation there were cars parked on the northerly side. There were 3 cars facing west on Broadway on the north side within the immediate proximity of the accident scene, there were 2 east of the sidewalk line, the crosswalk, and

1 directly west. I am speaking of the easterly cross-walk going north and south across Broadway."

In directing the jury to bring in a verdict of no cause for action the trial court said:

"The court has given very careful consideration to this motion for a directed verdict and .the grounds on which it is based and the testimony that has been adduced here in. support of the plaintiff's case, and has come to the conclusion that this very unfortunate accident occurred as a result of an emergency on the. highway which arose through no fault of the driver of the car; and that her conduct under the circum-stances, disclosed by the evidence, raises' no infer-ence of actionable negligence which makes out a case to go to the jury on the question of her negligence."

Appellant contends appellee is guilty of·negligence because:

(1) She saw, or should have seen, the boy in time to have avoided striking him;

(2) The defendant instead of maintaining her attention on her pathway ahead made a useless obser-·vation of an automobile approaching on a side street (Leahy); and

(3) She was operating her automobile in excess of the statutory limit of 25 miles per hour.[*]

Plaintiff was incapable of contributory negligence as he was 3 years and 11 months of age. See *Benedict* v. *Rinna,* 257 Mich 349; *In re Clark's Estate,* 318 Mich 92.

There were 3 eyewitnesses to the accident, namely, Mr. and Mrs. DeBrie, who were driving east and about 6 to 8 car lengths behind appellee, and Mr. De-Hoog, who was driving west on Broadway and whose car was alongside appellee when the accident occurred. Plaintiff called Mrs. DeBrie as a witness,

---

[*] PA 1949, No 300, § 627 (CLS 1954, § 257.627, Stat Ann 1952 Rev § 9.2327).—Reporter.

and defendant called to the stand Mr. DeBrie and Mr. DeHoog.

Mrs. DeBrie noticed plaintiff on the north curb of Broadway but could not estimate how far she was from the intersection when she saw him. When she next saw him he was in the middle of the street just east of the crosswalk and running east and south. She testified: "I did not keep the child in view from that point on. I watched the car ahead of me, and I saw her go over to the south. * * * Mrs. Christian's car at that time was off towards the the south curb. It had turned quite a ways from its original line of travel." Mrs. DeBrie next saw the boy at the instant he was hit. She said: "It didn't seem like the boy was dragged or pushed or anything after he was hit."

Plaintiff was in the middle of the street running southwesterly when Mr. DeBrie first saw him. He testified:

"We weren't going more than 15 miles per hour. The Christian car didn't gain on us and we weren't gaining on it. * * *

"I just got a glimpse of the little boy in the middle of the street and at the same time I heard the brakes squeal and she came to a complete stop. I heard the brakes squeal and I saw her turn her car to the right."

Mr. DeHoog was traveling west on Broadway. Two cars were parked on the north side of Broadway on each side of the crosswalk and when he first saw plaintiff "he was right in between the 2 cars there on the easterly edge of the crosswalk." A car driving in front of Mr. DeHoog, and also traveling west, honked his horn and the boy "stepped back or stopped." When his car was opposite the boy "the child started to dart again. That is when I made a swerve to the center of the intersection to avoid hitting him. I looked back and I thought to myself

'I hit the child, that he hit the back end of my car,' and at that time Mrs. Christian's car was skidding across the intersection, the center of Leahy street, approaching east. And I stopped my car immediately and went out and got hold of the child there and pulled him over to the curb."

Mr. DeHoog further testified that appellee's car was practically opposite from him. He said:

"I heard the brakes of her car. She swung toward the south a little bit. Her car came to a stop across the crosswalk. I saw the impact between the car and the boy as it bumped. Mrs. Christian's car was almost stopped at the impact, I would say. I did not see the boy being drug by the car."

The only other testimony in the record as to how the accident occurred is the testimony of appellee, who was called for cross-examination under the statute* by plaintiff. She testified that at the time of the accident she was traveling not more than 20 miles per hour. As she approached the intersection she noticed a car approaching on Leahy street as though it were going to stop. Two cars traveling west were approaching the intersection at the same time she was. She heard the driver of one of these cars blow the horn and saw the driver of the other car swerve his car. Immediately thereafter she saw plaintiff in the center of the street. She testified:

"When I saw the little boy, I applied my brakes. At that time the front of my car was approximately in the center of Leahy street. The front of my car ended up straddling the sidewalk crosswalk. My left front bumper hit the little boy. My car did not move after it hit him, not an inch."

In *Braxton* v. *Gazdecki*, 255 Mich 518, this Court passed upon a judgment for the defendant in an ac-

---

tion for injuries resulting in death of a 5-year-old boy who was struck by defendant's automobile when he ran across the street in front of the automobile. We held that defendant was not guilty of actionable negligence in not noticing the boy at the time he left the curb and darted across the street, as drivers must notice persons in the street but need not watch others unless they evidence intention to enter the street.

*Gardiner* v. *Studebaker Corporation,* 204 Mich 313, presented the question as to whether the Court erred in directing verdict for defendant in an action for personal injuries to a girl 4 years of age, resulting in her death. The driver of the truck was the only witness to the accident and was called by the plaintiff as an adverse witness under the statute. He testified that the little girl came out from behind a vehicle and ran into the side of his truck. After the accident the driver was taken before the prosecuting attorney and a statement taken in which the driver did not make any reference to the girl suddenly coming into the street from behind the vehicle. Plaintiff argued that therefore the credibility of this witness was for the jury, and consequently a question of fact was presented for the jury. This Court refused to accept plaintiff's contention, and said (pp 316, 317):

"The plaintiff is bound to prove his cause of action. He must make a prima facie case of negligence of the defendant before he is entitled to take the judgment of the jury. In the instant case he failed to do this. The defendant's truck was on the right side of the street; there is no evidence of any defect in the brake; no evidence that the driver was exceeding the limit of speed prescribed by the statute or by any ordinance of the city of Detroit; no evidence that the driver did or failed to do anything which produced or would have prevented the accident. The

case is clearly distinguishable from *Winckowski* v. *Dodge,* 183 Mich 303, and quite like *Barger* v. *Bissell,* 188 Mich 366. We may well dispose of this case with the concluding portion of the opinion in that case.

" 'Drivers upon highways are not held as insurers against accidents arising from negligence of children or their parents, and though in law such negligence in a particular case may not be a defense, as contributory negligence, for a driver also guilty of negligence, the fact of an accident does not establish liability or raise a presumption that the driver is negligent.

" 'A careful consideration of the record in this case leads to the conclusion that this unfortunate accident occurred as the result of an emergency on the highway which arose through no fault of the driver, and that his conduct, under the circumstances disclosed by the evidence, raises no inference of actionable negligence which makes out a prima facie case.' "

In *Colvaruso's Guardian* v. *Stroh Brewery Co.,* 301 Mich 245, a 4-year-old boy was injured by defendant's truck. Defendant's driver testified that the child suddenly appeared on the street from behind parked cars, and this Court sustained judgment in favor of the defendant, stating (pp 254, 255):

"The verdict may not rest upon conjecture or a reconstruction of events which have no evidentiary foundation. The only evidence of the manner in which the accident occurred does not fix liability on defendant."

The lower court did not err in directing a verdict for defendant. The only evidence of the manner in which the accident occurred does not fix liability on defendant and does not support appellant's contention that defendant saw or should have seen plaintiff on the north curb of Broadway before he started running across the street. Appellee's observation

of the car on Leahy and her failure to blow her horn did not constitute negligence.

We do not agree with appellant's contention that the court committed reversible error in ruling upon an objection to appellee's answer to a question on cross-examination that when the car approaching her swerved towards her, "that distracted my attention and I couldn't see the little boy because of the cars." The court allowed the answer to stand, stating: "I think it is a fair statement of her reason for whatever she did at that time. She is stating things as they appeared to her."

Judgment affirmed, costs to defendant.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.