Thomas SATHER, a minor, suing by his father and Guardian ad litem, Plaintiff and Appellant,

v.

Samuel L. BIGGER, Defendant and Respondent.

Bennie SATHER, Plaintiff and Appellant,

v.

Samuel L. BIGGER, Defendant and Respondent.

Nos. 7917, 7918.

Supreme Court of North Dakota.

Jan. 9, 1961.

Lanier, Lanier & Knox, Fargo, for plaintiffs and appellants.

Nilles, Oehlert & Nilles, Fargo, for defendant and respondent.

MORRIS, Judge.

This opinion embraces a consideration of appeals from two judgments rendered in actions arising out of injuries received by a ten year old boy when he was struck by an automobile being driven by the defendant, Samuel L. Bigger. The boy, Thomas Sather, in an action brought by his guardian ad litem, seeks recovery for damages arising out of his personal injuries. The other action is brought by Bennie Sather, the boy's father, who seeks to recover for medical and hospital expenses and loss of services of the boy resulting from the injuries. The actions were consolidated for trial. The jury returned verdicts in favor of the defendant in both cases. From judgments rendered pursuant to these verdicts the plaintiffs appeal. The gist of these actions is the alleged negligence of the defendant in operating his automobile. It is the primary issue in the case, although contributory negligence is alleged by the defendant in addition to his denial of negligence.

The sufficiency of the evidence to sustain the verdict is not challenged. We will refer to Thomas Sather, the injured boy, as the plaintiff. Our determination with respect to his appeal will also determine the result as to the appeal of his father.

The plaintiff seeks a new trial upon certain specified errors with respect to the rulings of the trial court on the admission of evidence pertaining to cross-examination of Ronald Rose, a witness for the defendant. He also specifies as error an instruction given by the court to the jury on the sudden appearance doctrine.

The accident occurred on 15th Avenue North in the City of Fargo shortly after 4:00 p. m. on September 19, 1957. The street had a graveled surface about 22 feet wide. The avenue runs east and west. The defendant was driving west in his Chevrolet automobile at a speed of from ten to fifteen miles per hour. He was looking along both sides of the avenue and straight ahead. He knew that children frequented the area. There was a metal sign at the north side of the street three blocks east of where the accident occurred which said, "Watch out for children." The defendant had seen the sign a number of times, including the day in question. To the north of the street was an area of residential structures, described as barracks, in which lived students of the nearby university and their families. On the south side of the avenue was an open area, part of which was devoted to a parking lot and part to a football practice field. Alphabetically designated streets extended north from 15th Avenue west through the residential area. There were no streets extending from the avenue south. There was an unsurfaced opening or entrance to the parking lot extending to the south from a point near where D Street joins the avenue on the north. There were no children playing along the avenue as the defendant proceeded west. As he approached D Street he saw a little boy standing at a point immediately west of D Street and on the north side of the avenue. He was the younger brother of Thomas Sather, the plaintiff. There were several parked cars on the south side of the avenue. As the defendant approached, the plaintiff ran out from behind one of the parked cars into the path of defendant's automobile. The defendant did not see him until the plaintiff emerged from behind the car. The defendant immediately applied his brakes but did not have time to sound his horn or turn his car to avoid the plaintiff who was struck by about the middle of the front bumper of the car. The plaintiff was knocked down and severely injured, but was not run over. The plaintiff did not look toward the defendant's approaching car, but ran directly toward his brother who was standing on the north side of the avenue. The plaintiff testified that he and his younger broth-

er, Duane, stood on the south side of the avenue and waited for a car coming from the east to pass. After the car passed, Duane ran across. When Duane reached about the middle of the avenue the plaintiff started to follow his brother. He was hit by the defendant's car which he did not see. The challenged rulings of the court pertain to the testimony of one of the defendant's witnesses, Ronald Rose, with respect to the conduct and positions of the boys immediately prior to the accident.

■■■ Rose witnessed the accident as a passenger in a car that was approaching the scene from the west. He testified that he saw Duane Sather standing beside a guardpost on the north side of the avenue but did not see him run across. When he first saw the plaintiff he emerged from between two parked cars, running fast towards his brother. On cross-examination Rose affirmed his former statement that he did not see Duane run across the avenue. Counsel for plaintiff continued with the cross-examination:

"Q. Do you remember me talking to you at your home one evening? A. Yes.

"Q. Do you remember telling me at your home one evening that before the little boy finished crossing the street the other little boy came out behind him? A. No, I don't recall that.

"Q. You don't recall that conversation with me? A. No."

Counsel for plaintiff questioned the witness as to whether or not he remembered telling counsel that before the little boy had completed crossing the street the second little boy came out following him. Again the witness answered, "No." The court sustained an objection to the last question but the negative answer of the witness was not stricken. The court stated:

"He is assuming a state of facts in this question that is improper as to form."

Counsel for plaintiff again attempted to put the same question to the witness and an objection was again sustained. Counsel then asked the witness if he remembered any conversation about the first little boy that ran across the street and after the witness had answered in the affirmative, he was asked to tell what the conversation was. He then answered:

"I believe that night I told you I didn't see him cross the street but I saw him standing on the other side by the guardpost."

Counsel then asked the witness for the third time if he remembered that he had stated to counsel that the little boy crossed and and when he was almost across the second boy followed. Objection was again sustained. It is now urged that counsel was attempting to lay a foundation for impeachment and it is argued that he was erroneously denied the right to show prior inconsistent statements of the witness. Counsel's position cannot be sustained. The questions began with "Do you remember?" The witness was permitted to answer twice that he did not remember. Thus the questions were answered. The questions were not in the form that required categorical answers that could be denied by positive testimony to the contrary. The witness was not interrogated in such a manner as to require him to deny or affirm that he made the statement that counsel inferentially attributes to him. The court did not err in refusing to permit further interrogation in the form that was being attempted. Where an attempt is made to lay a foundation for the impeachment of a witness on the ground that he has made prior inconsistent statements regarding a material issue, the questioning must take the form of requiring the witness to affirm or deny making a specific statement, and if the answer is one of denial the witness may be impeached by subsequently producing evidence to the effect that he did actually make the statement which he denies.

■ After the court had sustained objections to the questions by counsel for the plaintiff above outlined, counsel stated that he wanted to make an offer of proof. The court inquired, "Your offer of proof would be the same as the question you have asked?" Counsel replied that it would be the same. The court then sustained an objection to the offer of proof. By counsel's own admission his position was already clearly before the court. He had laid no foundation for impeachment based on the ground of inconsistent statements. His final remark was, "I am going on the statements I have made now and the questions I had made in the record, * * *." The plaintiff failed to propound proper foundational questions for impeachment or propose an offer of proof that he was entitled to make. There is no error shown here.

The plaintiff challenges as erroneous and inapplicable to the facts of this case the following instruction given by the trial court:

"You are instructed that drivers or owners of motor vehicles are not guarantors against all accidents wherein children are injured. Accordingly, a driver proceeding along a street or highway in a lawful manner using ordinary and reasonable caution for the safety of others, including children, will not be held liable for striking a child whose presence in the street could not reasonably be foreseen. He is not required to anticipate the appearance of children in his pathway, under ordinary circumstances, from behind parked automobiles or other obstructions.

"Thus, when a motor vehicle is proceeding upon a street at a lawful speed, and is obeying all the requirements of the law of the road and all the regulations for the operation of such machine, the driver is not generally liable for injuries received by a child who darts in front of the machine so suddenly that its driver cannot stop or otherwise avoid injuring him."

This instruction appears to have been taken from Section 1498, Cyclopedia of Automobile Law and Practice, Blashfield, Permanent Edition. It consists of correct statements of the law applicable in an appropriate case. Watson v. Home Mutual Insurance Association, 215 Iowa 670, 246 N.W. 655; Howk v. Anderson, 218 Iowa 358, 253 N.W. 32; Wilson v. Butler Motor Transit Company, 368 Pa. 479, 84 A.2d 207; Marrujo v. Martinez, 65 N.M. 166, 334 P.2d 548; Thompson v. Christian, 342 Mich. 463, 71 N.W.2d 67; Howell v. Roueche, 263 Ala. 83, 81 So.2d 297; Kuklinski v. Dibelius, 267 Wis. 378, 66 N.W.2d 169; 60 C.J.S. Motor Vehicles § 396.

The plaintiff criticizes the instruction as being inconsistent with our holding in Schweitzer v. Anderson, N.D., 83 N.W.2d 416. In that case we refused to reverse a judgment based on a verdict in favor of the plaintiff and held that the question of whether a motorist had been guilty of negligence in striking a boy who was running across the street was for the jury.

■■ Before he gave the challenged instruction, the court gave other instructions bearing upon the issue of the defendant's negligence. He told the jury that a motorist must exercise a higher degree of care toward children than adults and must exercise this care to avoid injuring children whom he sees or by the exercise of reasonable care should have seen. He also told the jury that where children may be expected along a street a motorist may not confine lookout to the narrow lane immediately in front, but has a duty to observe the sides of the street as well. Both of these instructions were given in the language used by this court in Schweitzer v. Anderson, supra. In determining whether a trial court has committed reversible error in instructing the jury, the entire instruction on a given issue must be considered as a whole. Moe v. Kettwig, N.D., 68 N.W.2d 853;

Stokes v. Dailey, N.D., 97 N.W.2d 676; Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199; Kuklinski v. Dibelius, supra. When the challenged instruction is considered in the light of the evidence and as a part of the entire charge to the jury on the issue of defendant's negligence it is not misleading nor does it conflict with our decision in Schweitzer v. Anderson, N.D., 83 N.W.2d 416. Both of the judgments appealed from are affirmed.

SATHRE, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.