Ide (Hollis) and another, Executors, Respondents, v. Wamser and another, Appellants.

*January 6—February 4, 1964.*

For the appellants there was a brief and oral argument by *John W. Emmerling* of Milwaukee.

For the respondents Hollis E. Ide and Russell Johnson there was a brief by *Mount & Keck* of Milwaukee, and oral argument by *John A. Keck.*

For the respondent Guy Henry Ide there was a brief by *Bernstein, Wessel, Weitzen & Lewis,* attorneys, and *Samuel*

*Weitzen* of counsel, all of Milwaukee, and oral argument by *Samuel Weitzen.*

GORDON, J.

*Negligence as a Matter of Law.*

Upon defendant Wamser's appeal we are urged to hold that Guy Ide was at least 50 percent negligent by reason of his defective lookout and his failure to yield the right-of-way. In support of this contention, the defendant Wamser points to our recent decision in *Schlueter v. Grady* (1963), 20 Wis. (2d) 546, 123 N. W. (2d) 458, where we held that one entering upon an arterial highway may be held negligent as a matter of law in a degree equal to or in excess of a driver who is already traveling on the arterial highway. See also *Plog v. Zolper* (1957), 1 Wis. (2d) 517, 85 N. W. (2d) 492; *Gumm v. Koepke* (1938), 227 Wis. 635, 278 N. W. 447.

Ordinarily, a comparison of negligence is for the jury. *Vidakovic v. Campbell* (1956), 274 Wis. 168, 175, 79 N. W. (2d) 806. The jury's findings which have the approval of the trial court will not be disturbed if there is any credible evidence to support such findings. *Springen v. Ager Plumbing & Heating, Inc.* (1963), 19 Wis. (2d) 487, 489, 120 N. W. (2d) 692. However, there is authority which recognizes the special dignity which is afforded to one who is traveling upon an arterial. In order to expedite traffic, the law permits drivers on arterial highways to proceed uninterruptedly at a lawful rate of speed with the assumption that other drivers approaching the arterial will yield to them. La France, Law of Right of Way, 25 Wisconsin Bar Bulletin (February, 1952), pp. 11, 14, 15.

Notwithstanding the policy considerations which operate in favor of a driver on an arterial highway, it remains the responsibility of such driver to exercise reasonable care.

In the instant case, there was evidence from which the jury could infer that Wamser was proceeding too fast for the conditions which prevailed. The intersection in question was regulated by flashing signals, pursuant to sec. 346.39, Stats. We believe that the legislature intended to impose upon an arterial driver approaching a flashing yellow light a somewhat added caution than that governing other arterial highways.

The jury attributed 54 percent of the negligence to Wamser for his negligence as to speed and management and control. In view of the condition of darkness, the presence of wet streets, the testimony as to his excessive speed, and the presence of a flashing yellow light, we conclude that the jury's assessments, which were sustained by the trial court, as to relative negligence must be affirmed.

### Proximate Cause.

The defendants also urge that the accident had nothing to do with Mrs. Ide's death or, in the alternative, that her death was so remote in relation to the accident that the court must deny liability upon the defendants because of considerations of public policy. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 240, 55 N. W. (2d) 29.

There was conflicting medical testimony on the subject of the cause of Mrs. Ide's death. Mrs. Ide was eighty years of age and died sixty-nine days after the accident. Because of her pre-existing illnesses, the defendants' medical experts concluded that there was no causal connection between the accident and her demise. In our opinion, the evidence raised a jury question as to the cause of death, and the finding that there was a causal relationship is amply supported by the evidence.

On the issue of remoteness, the mere passage of sixty-nine days between the accident and the death does not warrant

our excluding liability for reasons of public policy. We are not shocked to find that the jury believed that there was a causal connection between the accident and the resulting death, and we decline to apply the doctrine of *Pfeifer v. Standard Gateway Theater, Inc., supra*. See *Colla v. Mandella* (1957), 1 Wis. (2d) 594, 600, 85 N. W. (2d) 345.

*Jury Instructions.*

In the course of his instructions relative to damages, the trial judge referred to Mrs. Ide's death "as a result of this collision." He also used the phrase "had she not been killed" in referring to Mrs. Ide. The defendants urge that these statements on the part of the trial court were prejudicial comments on the evidence and operated to the detriment of the defendants. We have carefully examined the entire instructions and are satisfied that, as a whole, they fairly submitted the question of the cause of death. Our conclusion with reference to the instructions complained of is that the error was nonprejudicial. *Kuklinski v. Dibelius* (1954), 267 Wis. 378, 381, 66 N. W. (2d) 169. In *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. (2d) 499, 503, 117 N. W. (2d) 666, we said:

"A judgment will not be reversed on the ground of misdirection of a jury unless this court is of the opinion after an examination of the entire record that the error has affected the substantial right of the party seeking the reversal. Sec. 274.37, Stats. This is a test of probability, not possibility, requiring the entire evidence to show that had not the error occurred the result would probably have been different."

The "but for" instruction was accurately given in this case. *Chapnitsky v. McClone* (1963), 20 Wis. (2d) 453, 466, 467, 122 N. W. (2d) 400.

*Damages.*

The jury awarded $8,000 for Mrs. Ide's pain and suffering, and the trial court (using the option technique) reduced this to $6,500. Our review of the evidence persuades us that the trial court's reduction of this award to $6,500 was a proper exercise of its discretion. So too was the court's reduction of the jury's award of $5,000 to $2,300 for Guy Ide's pecuniary loss as a result of his wife's death. The reduction of damages for the loss of society and companionship was not appealed, the trial court having reduced the award therefor to the statutory maximum of $3,000. See sec. 331.04 (4), Stats.

The trial court's discretion regarding damages was not abused, and the correct procedure with reference to options was used as set forth in *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 571, 572, 117 N. W. (2d) 660.

*By the Court.*—Judgments affirmed.