Ozra Dearinger, Appellant, v. W. H. Keller, Appellee.

No. 42647.

November 13, 1934.

McCoy & McCoy, and McNeil & Scovel, for appellant.

Miller, Miller & Miller, and Clyde McFarlin, for appellee.

STEVENS, J.—Highway No. 85, which lies east and west in Poweshiek county, is improved by the use of crushed rock. The traveled portion is 35 or 40 feet in width. On the evening of January 13, 1933, about 6:30 p. m. while driving his Model T Ford in an easterly direction, appellant collided with a truck parked on the south side of the highway. It is to recover damages for the injuries received as the result of such collision that this action was commenced by him.

It is alleged in the petition and the evidence tends to show that no lights were displayed on the rear of the truck. The headlights on the automobile were lighted, were in good condition, and disclosed objects in the highway for a distance of from 75 to 100 feet.

It is provided by section 5029 of the Code of 1931 that:

"Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

Manifestly, there was sufficient evidence to carry the case to the jury on the issue of appellee's negligence. The case must be determined upon the question as to whether appellant was, or was not, guilty of contributory negligence. The duty of the driver of a motor vehicle upon the public highway, under the provisions of the aforesaid section of the Code, has been too often the subject of discussion and decision by this court to require further attention at this time. See the following: Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893; Ellis v. Bruce, 217 Iowa 258, 252 N. W. 101, and many similar cases.

Appellant testified that very shortly before he collided with the truck parked in the highway he passed another automobile proceeding westward, that almost immediately thereafter he observed a light south of the highway on which he was traveling. The discovery of such light is urged by appellant as a diverting circumstance and such as to present a question of fact in the nature of an inference for submission to the jury and that the court committed reversible error in directing a verdict against him. The record does

not disclose the precise location of the light, whether it was in the highway or at some point in the field south thereof. Nothing is shown as to what became of the light. It is not claimed that it was displayed by any kind of vehicle traveling in the highway which could, or would, in any way, intercept appellant's progress eastward.

Appellant testified that he reduced the speed of his automobile and that he did not discover the presence of the truck until he was within 10 feet of it. He claims that, upon observing the truck, he turned sharply to the left but was unable thereby to avoid the collision. Appellant's first duty was to look ahead and to drive his car at a rate of speed at which the same could have been stopped within the assured clear distance ahead. If the speed of his car did not exceed that claimed by him, he could easily have brought it to a stop within 75 feet had he observed the truck. His failure was to see the object until he was too close to avoid contact therewith. Avoidance of contributory negligence on his part is predicated upon the light as a diverting circumstance.

It cannot, upon the record before us, be fairly claimed that the light he saw was at a place suggesting a zone of possible danger. If it was south of the road, attached to a motor vehicle, it must either have been proceeding on another highway or possibly along a private driveway. It did not in any event threaten appellant's safety. The court must assume that appellant diverted his attention from the highway to the light in the field south thereof. This does not, however, within the meaning of the term, necessarily constitute a diverting circumstance. Voluntary diversion of the vision from objects ahead in the highway to some object in the field could not be said to constitute a diverting circumstance. Ege v. Born, 212 Iowa 1138, 236 N. W. 75; Rosenberg v. Des Moines R. Co., 213 Iowa 152, 238 N. W. 703; Bender v. Town of Minden, 124 'Iowa 685, 100 N. W. 352. A diverting circumstance, as that term is used in this connection, must be such as reasonably and naturally arrests the attention of the party charged and suggests the necessity of some immediate attention or action on his part. There is nothing in the record before us in any way tending to show that the appellant's safety was in either immediate or remote danger from contact with the object, whatever it was, in the field. So far as the record shows, the light may have been fixed and immovable. The mere fact that appellant saw a light somewhere south of the traveled portion of the highway and that he fixed his gaze

thereon instead of observing objects of immediate danger in the highway is not sufficient to avoid the rule of contributory negligence. Something more is obviously required.

It is also urged that the material in the highway, as was also the rear of the truck, was light in color and tended to impair appellant's visibility. This contention, under the facts disclosed, is without merit. If appellant was observing the light in the field, as he claimed in his testimony, he could not have been misled either by the color of the rock in the highway or of the truck. Our attention is called to Jeck v. McDougall Const. Co., 216 Iowa 516, 246 N. W. 595; Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151; Kadlec v. Johnson Const. Co., 217 Iowa 299, 252 N. W. 103. Particular reliance is placed upon the holding of this court in the Kimmel case. The superficial similarity in the two cases is in the presence of a light, in each of them, in a field. The distinction which is of controlling importance is that the light observed by the plaintiff in the Kimmel case was cast into the field from the headlights of a truck standing in an angling position across the highway and intersecting the progress of the driver of the automobile. Naturally, the light, which is described as a "patch of light", would attract attention. The party injured in that case, however, did not instantly connect the presence of the light in the field with the truck in the highway and a collision resulted. The light in the case before us was remote from the highway and bore no relation whatever to the object with which appellant's automobile collided. The cases are readily distinguishable upon their face. In the Kimmel case, the light in the field was of a character naturally to attract and divert the attention of the driver of the automobile, whereas in the case before us, so far as the record shows, the light was remote and in no respect connected with the object in the highway, nor did it serve to warn appellant of some possible danger ahead which he could not at the instant discern but which he was bound to avoid. The other cases relied upon do not sustain appellant's contention. The trial court held that no question of fact was presented for a jury. With this holding this court agrees. It follows that the judgment must be and it is affirmed.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.