ARTHUR E. KALLANSRUD, Administrator, Appellee, v. H. F. LIBBEY, Appellant.

No. 46386.

APRIL 4, 1944.

B. J. Price, of Fort Dodge, for appellant.

Helsell, Burnquist & Bradshaw, of Fort Dodge, for appellee.

HALE, J.—The injury to plaintiff's intestate, James Kallansrud, from which he afterward died, occurred on July 9, 1942. The child, nine and one-half years old, was coasting in a coaster

wagon on Dakota Street in Fort Dodge, a street running east and west. Intersecting it at right angles and running north and south is Seventh Street. On the day of the accident defendant, who lived north of Fort Dodge, drove his car south on Seventh Street to the intersection of that street with Dakota Street. East of Seventh Street on Dakota Street is a hill. Defendant was acquainted with the locality and had driven over it frequently. Traveling back of defendant a short distance was an automobile in which were riding A. S. Johnston and Earl Smith, who were witnesses at the trial. The boy was coasting down Dakota Street from the east. At the northeast corner of the intersection, about twelve feet east of Seventh Street and about forty-nine feet from the north curb of Dakota Street, is a house, which to some extent obstructed the view from the north on Seventh Street, such obstruction naturally becoming less as a driver on Seventh Street approached Dakota Street. As defendant approached the intersection he saw a woman standing at the southwest corner of the intersection looking east up Dakota Street and waving her arms. He testified that his attention was fixed upon this woman until he had passed two thirds or three fourths of the way across the intersection. He then turned his head to the left, according to his testimony, and saw the boy's head, as he was sitting in the coaster wagon, a few feet from the left front fender of the car. The boy swerved his wagon to the left and ran into the front bumper of defendant's automobile. The car passed over the boy, but he was apparently not injured by the wheels. After the automobile passed, the boy was found lying near the curb on the west side of Seventh Street and in the southwest corner of the intersection. He was taken to the hospital and thereafter, on July 16th, without recovering consciousness, died as a result of the injuries received.

There was evidence that as defendant approached Dakota Street he was traveling from twenty to twenty-five miles per hour but that he reduced the rate of speed somewhat because, as he says, the young lady was waving but he did not know what she was waving at. Defendant's testimony was that it was his impression the boy was traveling faster than he himself was; but there was evidence from which the jury could have found to the contrary. Defendant also testified he did not see any person

coming down the hill and enter the intersection. He stated that at a distance of one hundred feet from the intersection he could see up the hill on Dakota Street a way, but that at no time as he approached the intersection did he glance to the left. Photographs of the intersection introduced in evidence show that from a point fifty feet north of the center of the intersection the view east up the hill on Dakota Street is unobstructed, and from a point one hundred feet north of the intersection one approaching the intersection had an unobstructed view for at least one hundred feet. That is, from one hundred feet north of the intersection one could see an equal distance to the east and from one hundred fifty feet north of the intersection the view east on Dakota Street was unobstructed for fifty or sixty feet.

Plaintiff contends, and the jury could have found from the testimony as to the physical facts, the speeds of the coaster wagon and the car and the distance traveled by each in the intersection, that the coaster wagon entered the intersection first; but there was also evidence from which they could have concluded that the two vehicles arrived at the intersection at about the same time. In any event, it was a question for the jury.

There was trial to a jury and at the conclusion of plaintiff's testimony and of all the testimony defendant's motions for directed verdict were overruled. Verdict and judgment were entered for the plaintiff. Defendant's exceptions to instructions and motion for new trial were overruled. From all of which defendant appeals.

I. Appellant's first assignment of error is that the court erred in failing to direct a verdict in his favor, and that the verdict is contrary to the evidence and the law.

There is nothing in the record to show violation of any city ordinance. Appellant argues that he had a right to assume, until he knew, or in the exercise of reasonable care should have known, that any person approaching from the east would comply with the statute governing the right of precedence. There can be no dispute about this as a general proposition; but even if the coaster wagon was not first in the intersection, this would not free appellant from the duty to maintain a lookout. The general statutory rule as to right of way is a relative rule, and the

operator of an automobile approaching an intersection and finding no one approaching from the right within such distance and under such circumstances as to reasonably indicate danger of collision is under no obligation to stop but may lawfully proceed on his way. State v. Brighi, 232 Iowa 1087, 7 N. W. 2d 9. At the most, the question of precedence at the intersection was a question for the jury.

 Also we must bear in mind that in this state a child of the age of nine and one-half years is presumed incapable of contributory negligence. Many cases sustain this rule. See Westman v. Bingham, 230 Iowa 1298, 300 N. W. 525; Lenth v. Schug, 226 Iowa 1, 281 N. W. 510, 287 N. W. 596; Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685; and Johnston v. Delano, 175 Iowa 498, 154 N. W. 1013. This presumption, together with the dispute as to the facts involved, was properly submitted for the determination of the jury.

 Appellant further argues that the evidence is insufficient to sustain the verdict and cites various Iowa cases in support of his view, including Disher v. Kincaid, 193 Iowa 83, 186 N. W. 666; Borland v. Lenz, 196 Iowa 1148, 194 N. W. 215; Howk v. Anderson, 218 Iowa 358, 253 N. W. 32; McBride v. Stewart, 227 Iowa 1273, 290 N. W. 700; Chipokas v. Peterson, 219 Iowa 1072, 260 N. W. 37, 113 A. L. R. 524; Klink v. Bany, 207 Iowa 1241, 224 N. W. 540, 65 A. L. R. 187; Kessler v. Robbins, 215 Iowa 327, 245 N. W. 284; Watson v. Home Mutual Ins. Assn., 215 Iowa 670, 246 N. W. 655; and Crutchley v. Bruce, 214 Iowa 731, 240 N. W. 238. An examination of these cases shows that all such cases involved situations where a child suddenly appeared from a place of safety at a time when it was too late for defendant to act to prevent the injury. The decisions in all of the above cases have been on the theory that the facts under such circumstances would not warrant the inference of negligence but were more in the nature of unavoidable accidents It is unnecessary to do more than refer to the authorities cited by appellant, as they can have no application under the facts in this case.

As stated, from the different distances in appellant's line of travel there was little or no obstruction to his view of the intersection. He was approaching a cross street with which he

was familiar, and knew that the intersecting streets were of a steep grade, but failed to look to his left. He could not excuse his failure to observe his situation, and was required, in the interests of the safety of himself and others, to give proper attention to his surroundings. Our most recent case involving a situation of this kind is Pestotnik v. Balliet, 233 Iowa 1047, 10 N. W. 2d 99, an opinion by Justice Mantz. In Fischer v. Steinhauer, 233 Iowa 777, 780, 10 N. W. 2d 649, 651, Justice Oliver states:

"In considering the sufficiency of the proof of appellant's negligence, it is unnecessary to determine which vehicle had the technical right of way. The duty of the operator of a motor vehicle to exercise ordinary care is ever present." Citing Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550; Rogers v. Jefferson, 224 Iowa 324, 275 N. W. 874; and Rogers v. Jefferson, 226 Iowa 1047, 285 N. W. 701.

We are satisfied that under the evidence the court was correct in overruling the motions for directed verdict and submitting the question of negligence to the jury.

II. Appellant groups a large number of alleged errors relied on for reversal and argues that there was no evidence to sustain any of the grounds of negligence submitted to the jury by the court in its Instruction No. 1. Appellee's petition pleaded some fourteen grounds of negligence. The court submitted to the jury four grounds only: (1) excessive speed (2) failure to have the car under control (3) appellant's driving his car over the appellee's decedent and his coaster wagon after said decedent had almost completely crossed the intersection, and failure to use any means at hand to avoid such collision, either by turning, slowing down, stopping or otherwise, and (4) failure to keep a proper lookout. In his argument appellant states that an instruction which assumes the existence of certain facts or of evidence tending to prove them, when there is no such evidence, is erroneous. He cites various authorities; but with this proposition we are not disposed to disagree. Our view, however, is that under the evidence the court was not in error in submitting all four grounds of negligence.

As to the third ground, the evidence and the photographs, which latter are not in dispute, could have justified the jury in finding that had the appellant seen the coaster wagon, or in the exercise of due care should have seen it, there was time for him to have averted or attempted to avert the collision. At one point before reaching the intersection, at a distance of one hundred feet, he had a view one hundred feet up the hill to the east, and at a nearer point, fifty feet, a view of three hundred feet. Yet there is no evidence that he braked his car or sought to turn its direction until after the collision. The jury could have found that under this ground the appellant was negligent. The fact, as argued later on by appellant, that the court did not elaborate in its instructions in regard to this ground, would not be of any materiality. The only manner in which it could have extended this instruction would have been to discuss the evidence. It was a case of failure to act, rather than any positive act of negligence, and needed no elaboration.

Objection is also made to submitting the question of speed to the jury. Speed, in connection with other negligence, must depend upon surrounding circumstances. Samuelson v. Sherrill, 225 Iowa 421, 280 N. W. 596. The propriety of any rate of speed depends largely upon the surroundings. Hart v. Hinkley, 215 Iowa 915, 247 N. W. 258; Jarvis v. Stone, 216 Iowa 27, 247 N. W. 393. Whether or not appellant proceeded into the intersection at an excessive rate of speed, in view of all the surroundings, and in connection with the question of lookout and the other submitted grounds of negligence, was a question for the jury and the court properly submitted the same to them.

Nor do we think the court erred in submitting the question of control. There was evidence from which the jury could have found that appellant's car was going at the rate of twenty-five miles per hour down a street which intersected four steeply inclined streets and at one point was in the vicinity of a school. There was evidence which indicated that when appellant did see the boy, or in the exercise of ordinary care should have seen him, he did not control his car. Whether or not, in view of all the surroundings and circumstances, the car was under control was a matter properly to be determined by a jury.

In connection with the question of failure to keep a lookout,

appellant argues that there was evidence for the consideration of the jury on the question of diversion of attention but that the court failed to make any reference to the fact of such diversion. No such instruction was requested by appellant, and in any event, the record is quite clear that under the facts of this case such diversion could not be properly urged in excuse of appellant's failure to maintain a proper lookout. Appellant saw the young woman at the intersection, as did Johnston, one of the witnesses in the car following appellant. Another witness, Smith, states that the woman was facing east, waving her arms. Appellant himself in his testimony states that the occasion of his slackening of speed was the young lady's waving her arms. He did not know what she was waving at, but stated she was facing the east and waving her arms toward the east, and later in his testimony said that he saw the girl waving her arms just before he entered the intersection and that he had his eyes on her from that time until he was about two thirds through the intersection and that his attention was directed to the right. When he first saw her he thought she was waving a greeting to someone east of the intersection. It seems clear that appellant, without knowing that the girl was attempting to wave a warning to him, proceeded on his way without giving attention to the road ahead or to the situation in the cross street on his left. See Ege v. Born, 212 Iowa 1138, 236 N. W. 75, and cases cited. The question of diverted attention has often arisen in cases involving injuries at railroad crossings. In Ballard v. Chicago, R. I. & P. R. Co., 193 Iowa 672, 677, 185 N. W. 993, 995, a farmer who saw plaintiff's automobile approaching the railroad track attempted to warn plaintiff by waving his hand, but neither plaintiff nor her husband understood that they were being warned. The court in that case states:

"Furthermore there was no diverting circumstance which excused the plaintiff's negligence. She was not paying proper attention to her surroundings. She was looking at Hutton on the wagon through idle curiosity. It was not a circumstance that reasonably excused the exercise of continued vigilance on her part. There was nothing in the event that would fairly lead a reasonably prudent person to omit further precautions in ap-

proaching a railway crossing under the circumstances of the instant case." See cases cited.

This court has held that a signal from a traffic officer to the operator of a vehicle to pass over the intersection does not absolve the operator from the duty to exercise reasonable care in the control of the car. Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798.

We are satisfied that there was not such a diversion as would excuse the failure to keep a lookout, and that there was no error in the failure of the court to instruct specifically on this circumstance. Any instruction that could have been given would have been more favorable to appellee than to appellant. But we see no occasion for any instruction at all since there was no such diversion as would warrant an excuse for failure to keep a lookout. Appellant cites, in support of his theory, Dearinger v. Keller, 219 Iowa 1, 257 N. W. 206; and Zuck v. Larson, 222 Iowa 842, 270 N. W. 384, neither of which cases supports his view. In the Dearinger case it was held that a light coming across the field was not a diverting circumstance; and in the Zuck case the court held that a conversation between an employer and employee relative to the work of the employee, occurring very shortly before the employee placed himself in a position of peril, could not be a diverting circumstance within the meaning of the law of negligence.

There was other objection to the instructions but when read as a whole we think they state the law and facts fairly.

Under all the facts of the case and the circumstances thereof as shown by the record, we are satisfied that the case was fairly tried and that there is no such error as would justify this court in doing other than affirming. The case is therefore affirmed.— Affirmed.

All JUSTICES concur.