DENNIS SCHLOTTERBECK, by LYNN SCHLOTTERBECK, his natural guardian and next friend, Appellee, v. W. B. ANDERSON, Appellant.

No. 46966.

MARCH 11, 1947.

Bray, Carson & McCoy, of Oskaloosa, for appellant.

Tomasek & Vogel, of Grinnell, for appellee.

OLIVER, J.—Plaintiff was three and one-half years of age. He had walked with his mother east along the sidewalk on the

north side of Sixth Avenue in Grinnell to the west side of Chatterton Street. There they turned south to cross Sixth Avenue, an east-and-west paved street, thirty feet wide from curb to curb. At that place the parking is eighteen feet wide and slopes down from the sidewalk to the pavement. The mother was wheeling a baby carriage occupied by a younger child.

She testified that as they walked down the slope she saw defendant's automobile approaching from the west at a distance of about one hundred seventy-five feet and that she stopped and held the baby carriage.; that plaintiff, who was at the front end of the carriage and about four feet north of the pavement, suddenly ran to the pavement and across it toward the opposite cross walk to a place about eight feet north of the south curb line of Sixth Avenue, where he was struck by the right end of the front bumper of the automobile and dragged about one hundred twenty feet. Plaintiff and his mother were visible to a person driving an automobile from a point several hundred feet to the west. Defendant admits he saw them when his car was about one-half block to the west, and that he continued to observe them and saw the child start and go into and across the pavement. Except for the child the pavement ahead of the automobile was clear. No vehicle was approaching from the east.

Plaintiff's mother estimated the speed of the automobile at thirty-five to forty miles per hour, reduced to thirty or thirty-five miles per hour when it struck the child. Defendant placed it at twenty to twenty-five miles per hour, reduced somewhat after the child entered the pavement and before the impact. The record does not show how long it took this three-and-one-half-year-old child, encased in a heavy snow suit and rubber boots, to travel approximately thirty feet into and almost across the pavement, but the circumstances would warrant a finding that the car was some distance to the west when defendant saw the child start. A witness for defendant testified defendant decelerated the car so rapidly the witness was moved forward in his seat in the car. Thereafter the car traveled the intervening distance to the child and after striking him continued through and beyond the Chatterton Street intersection. Defendant finally

succeeded in stopping it after it had dragged the child a distance fixed by plaintiff's witnesses at about forty yards. Then the injured child, "huddled in a little ball," was taken from under the front of the car.

I. This was a residence district in which the speed limit was twenty-five miles per hour. Section 321.285, Code of 1946. Code section 321.288 requires the operator of an automobile approaching a street intersection to have the same under control. Code section 321.329 requires a driver to exercise due care upon observing a child upon a roadway. Webster v. Luckow, 219 Iowa 1048, 1055, 1056, 258 N. W. 685, 688, states:

"* * * instead of assuming that the decedent would not leave the place of safety on the side of the road, the defendant was bound to know that a child of the apparent age of decedent might do just what decedent did in this case."

Where a child under fourteen is in plain view upon a street in time for the driver "to reduce the speed of such vehicle and have such control thereof as to avoid coming into contact with such child" such driver must realize that the child may suddenly and unexpectedly move into the pathway of such vehicle. The foregoing rule has been reaffirmed in a number of decisions, among which are Paschka v. Carsten, 231 Iowa 1185, 3 N. W. 2d 542, and Darr v. Porte, 220 Iowa 751, 263 N. W. 240. It is recognized in various other jurisdictions. See Prosser on Torts, 246, section 37.

Decisions holding the operator is not liable, where a child unexpectedly darts from a concealed place into the path of a vehicle so suddenly that injury cannot be avoided by the exercise of ordinary care, are not applicable under the facts in this case. Webster v. Luckow, supra; Winegardner v. Manny, 237 Iowa 412, 417, 21 N. W. 2d 209, 212; Kallansrud v. Libbey, 234 Iowa 700, 703, 13 N. W. 2d 684; Luse v. Nickoley, 231 Iowa 259, 1 N. W. 2d 205, 3 N. W. 2d 503.

The trial court found defendant was negligent in that he did not have his automobile under control to the extent required of him in view of the conditions and circumstances and that his negligence was the proximate cause of the injuries. We are satisfied the record, which must be viewed in the light most

favorable to plaintiff, contains substantial evidence which supports such findings. Kallansrud v. Libbey, supra, 234 Iowa 700, 705, 13 N. W. 2d 684; Holden v. Hanner, 231 Iowa 468, 475, 1 N. W. 2d 671.

II. Plaintiff's petition contained other specifications of negligence, among which were failure to drive the automobile at a careful and prudent speed, and driving it at more than twenty-five miles per hour. The trial court based the judgment upon the findings of the failure to have the automobile under proper control and made no reference to other specifications of negligence. Defendant contends that was equivalent to a finding that no other specification of negligence had been proven. Under similar circumstances speed and control have been regarded as interrelated and we have said it is difficult to isolate speed from other elements. Davidson v. Vast, 233 Iowa 534, 10 N. W. 2d 12.

Had the court found against plaintiff on the control specification of negligence, and rendered judgment for defendant, his contention might have been meritorious. But the finding on that specification was against defendant. Evidently the court deemed findings upon other specifications unnecessary to the decision. In any event, under the circumstances, the failure to mention them did not constitute findings thereon adverse to plaintiff.

Plaintiff contends the other specifications of negligence were established. Our conclusion, hereinafter noted, renders unnecessary the consideration of errors asserted by plaintiff.

III. Defendant does not assert that the mother's negligence, if any, would bar recovery by the child. See Raskin v. Sioux City, 198 Iowa 865, 200 N. W. 333; Collinson v. Cutter, 186 Iowa 276, 286, 170 N. W. 420; annotation in 15 A. L. R. 414.

However, he contends that because of the presence of the mother the rule of Webster v. Luckow, supra, requiring him to anticipate that the child might move into the street, was inapplicable. At defendant's request the court made the following finding:

"The Court does not find from the evidence that the Plain-

tiff was, immediately prior to the accident, under the complete control of his mother, but had departed from that control to the extent of several feet, and, therefore, the Court does not apply the rule contended for by the Defendant that a child of tender years under the control of his parent may not recover for injuries sustained by him.''

There was evidence that plaintiff was at the front of the carriage behind which his mother was standing and which she was holding to prevent its running into the street; that they were in full view of defendant; that when plaintiff started toward the pavement his mother was not in a position to reach and restrain him, although she attempted to do so; that she excitedly called to him and finally abandoned the baby carriage, which rolled down the incline. This was sufficient to support the finding that the child was not under the mother's control at the time in question. The trial court did not err in applying the doctrine of Webster v. Luckow, supra.—Affirmed.

All JUSTICES concur.