Mrs. Kenneth **BAKER** as Legal Guardian of Kenneth Baker, and Mrs. Kenneth Baker, individually, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 17652.

United States Court of Appeals Eighth Circuit.

April 5, 1965.

recover damages totaling $100,000.00, because of injuries suffered by her ward when he attempted to commit suicide by jumping over a fence and into a window-well on the grounds of the Veterans Administration Hospital (V.A. Hospital), at Iowa City, Iowa. Appellant, by separate count, individually sought damages in the amount of $25,000.00 for loss of consortium because of the above incident. From adverse judgments rendered on both claims, appellant prosecutes this appeal.

The facts giving rise to this litigation and the issues flowing therefrom are not substantially in dispute; they are accurately, with clarity and with keen legal acumen stated in the memorandum opinion of Chief Judge Stephenson, at 226 F.Supp. 129. From our consideration of the record, exhibits, and that opinion, we surmise affirmance of the judgment in this case could be made by merely noting that fact, without more, were it not for appellant's assignment of error and argument—to the effect that error exists in the record of this case because the Court below premised its judgment on an "adopted * * * theory of 'calculated risk' as (the) proper standard of care" to be applied to the facts here.

In the light of the foregoing, we think it suffices to say, we have thoroughly considered appellant's contentions raised in this appeal—that "(t)he lower court's opinion was based on incompetent testimony"; that the Court "erred in holding that the doctrine of res ipsa loquitur does not apply" to the facts here; and that Iowa law "was not properly applied"— and can find no merit therein, either factually or legally. As a consequence, we see no useful purpose to be served by our making any restatement in respect to those matters. Therefore, as to the issues raised by appellant in this appeal in relation to the above specific assignments of error, we note affirmance thereof on the facts and law as found and declared by Judge Stephenson in his opinion, ante.

This leaves for consideration appellant's assignment of error that Judge Stephenson erred in his "finding that

D. C. Nolan, Iowa City, Iowa, and E. A. Hicklin, Wapella, Iowa, made argument for appellants and filed brief with John T. Nolan and Elizabeth Nolan, Iowa City, Iowa.

Robert V. Zener, Atty., Dept. of Justice, Washington, D. C., made argument for appellee and filed brief with John W. Douglas, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., and Donald A. Wine, U. S. Atty., Des Moines, Iowa.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

Appellant, as legal guardian of Kenneth Baker, an incompetent, commenced this action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to

Dr. Kennedy exercised the proper standard of care required under the (factual) circumstances" established in this case. The primary contention made in respect thereto is that "the lower court adopted the theory of 'calculated risk' as a proper standard of care" when it came to factually consider appellee's liability under Iowa law.

To bring the latter matter into proper focus, the first thing that must be pointed up is that Judge Stephenson, by his opinion ante, at l. c. 132 of 226 F.Supp., declared that the only area in which negligence could possibly exist in the factual premise of this case was in relation to the "diagnosis" made by Dr. Kennedy, the psychiatrist who examined Baker upon admittance of the latter to the V.A. Hospital facilities, ante; and that Doctor's "assignment of Baker to an open ward" in that hospital. From the briefs filed before us, it does not appear that *appellant* makes any contention that the charge of negligence here made could be, or was, otherwise factually premised—except as to Judge Stephenson's finding that the maintenance of the window-well into which Baker jumped, though maintained without a covering thereover, being guarded by a three-foot, heavy wire-meshed fence, did not itself constitute a negligent condition existing on the premises of the hospital. The latter finding is questioned by appellant in this appeal, but the contention made in respect thereto is no more than an extension of the primary issue raised as to the duty and care owed by a hospital to a patient under Iowa law. In our opinion, Judge Stephenson properly resolved that issue by his opinion, ante, at l. c. 132 of 226 F.Supp.

■ The second matter to be pointed up is, since the decision rendered in this case was by a court sitting without a jury, it is the rule of this Court that it will only be disturbed on review if found to be clearly erroneous. The "clearly erroneous standard applies to reasonable inferences to be drawn from stipulated or undisputed facts and [that] it is for the trial court rather than this court to draw legitimate and permissible inferences" therefrom. Cole v. Neaf, 334 F. 2d 326, 329 (8 Cir. 1964).

■■ Resolution of the issues in this case primarily involved the consideration and weighing of expert testimony which *a priori* demands the consideration of matter related to the credibility and weight of testimony given in resolution thereof. [Cf. Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672 (1949)]. In cases tried before a court without a jury, where that issue appears on appeal, it is the rule of this Court that:

"* * * We will not attempt to substitute our judgment, based upon the cold record, for that of the trial court in determining credibility of witnesses and disputed fact issues. * * * Upon appeal the evidence, including such inferences as may be reasonably drawn therefrom, is to be viewed in the light most favorable to the prevailing party." Geer-Melkus Construction Company v. United States, etc., 302 F.2d 181 (8 Cir. 1962).

■ With the above thoughts in mind, it is apparent this case in principle differs in no respect from other Federal Tort Claims Act cases brought under 28 U.S.C.A. § 1346(b), in which this Court has been called upon to review factual questions in relation to applicable controlling law; which in the case at bar is that of the state of Iowa, "the place where the act or omission occurred." Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 77 S. Ct. 186, 1 L.Ed.2d 189 (1956); Olson v. United States, 175 F.2d 510 (8 Cir. 1949). Hence in our disposition of this appeal, we only consider "not whether (Judge Stephenson) has reached a correct conclusion but whether it [he] has reached a permissible one" within the ambit of Iowa law on the facts and issues here joined. Homolla v. Gluck, 248 F.2d 731–734 (8 Cir. 1957).

■ From the opinion of Judge Stephenson, ante, it clearly appears after

giving due and mature consideration to the facts and applicable Iowa law, he ruled that a hospital in that State is only required to render such care to a patient admitted for treatment therein as it knew, or in the exercise of reasonable care should have known, the patient's condition required; and that such "duty" is measured by the degree of care, skill and diligence customarily exercised by hospitals generally in the community; citing Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 107 N.W.2d 85 (1961); Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 101 N.W.2d 167 (1960) in support thereof. Also, that the same requirements are equally applicable to mental hospitals generally. Mounds Park Hospital v. Von Eye, 245 F.2d 756, 70 A.L.R.2d 335 (8 Cir., 1957), quoting with favor 41 C.J.S. Hospitals § 8c(3). He also noted that the general rule, approved in the above-cited cases, is that a "hospital is not an insurer of a patient's safety and is not required to guard against that which a reasonable person under the circumstances would not anticipate." (Citing Iowa cases at l. c. 132 of 226 F.Supp.)

▇▇ Further, that under Iowa law, the standard of care as respects physicians is quite similar to that required of hospitals generally; that is, " ' * * * A physician is bound to use that degree of knowledge, skill, care, and attention (in relation to a patient) ordinarily exercised by physicians under like circumstances and in like localities. He does not impliedly guarantee results * * * (nor) insure the correctness of his diagnosis.' " [Citing Wilson v. Corbin, 241 Iowa 593, 41 N.W.2d 702, 705 (1950), at l. c. 133 of 226 F.Supp. Cf. also, Bartholomew v. Butts, 232 Iowa 776, 5 N.W.2d 7 (1942); Wheatley v. Heideman, 251 Iowa 695, 102 N.W.2d 343 (1960)]. Our review of Iowa law emphatically leads us to the same conclusions.

It is apparent from the record in the case at bar, it was tried and submitted to the finder of fact on the theory that Dr. Kennedy was negligent in the diagnosis he made of Kenneth Baker, and in assigning the latter to an open ward in the V. A. Hospital. The sole factual premise therefor was that "Dr. Kennedy should have anticipated the consequences" of those acts, i. e. possible injury to Baker because of alleged apparent "suicidal tendencies." Appellant considers the District Court's finding in this case that Dr. Kennedy was not negligent in respect to the foregoing, was erroneous because Judge Stephenson "adopted the theory of 'calculated risk' as a proper standard of care" to be applied to the above-stated factual issues.

We can find no merit to the argument and contention appellant here makes in respect to that matter: First, because from even a casual reading of Judge Stephenson's opinion, supra, (which contains his "findings of fact and conclusions of law as provided by Rule 52, Federal Rules of Civil Procedure") it is made manifest that such was not, and cannot be, considered the sole predicate for the finding of non-negligence there made; and, second, that appellant by brief concedes that: "Dr. Kennedy took no 'calculated risk' in (his) treatment of (Baker as a) patient" while he was confined in said hospital, but, contra, was negligent in the respects above mentioned. (Appellant's Brief, p. 7.)

Hence, in this case it appears it is now, and always has been, appellant's contention that under the facts here negligence existed because Dr. Kennedy was "adequately warned" of Baker's "suicidal content" when he was admitted to the V.A. Hospital and he (Dr. Kennedy) failed to treat Baker accordingly. That Judge Stephenson made specific findings of fact in accordance with applicable, i. e. Iowa, law in relation to that specific factual matter is made most manifest in his opinion, ante.

▇▇ The contention appellant here makes in respect to "calculated risk" can only find its premise in two isolated sentences found in Judge Stephenson's opinion, ante; * * * the first, where he generally discusses "the treatment of mental patients" and "diagnosis" thereof from established psychiatric standards

(l. c. 132 of 226 F.Supp.); and the other, at l. c. 134–135, where, after making a specific finding that Dr. Kennedy exercised the proper standard of care required under the circumstances, it is said: "Calculated risks of necessity must be taken if the modern and enlightened treatment of the mentally ill is to be pursued intelligently and rationally." From the discourse directly preceding and following the latter quotation, it appears from Judge Stephenson's opinion he makes manifest that his declarations as to "calculated risk" were not considered by him to be a constitutent part of the primary rule of law there delineated, namely, Iowa law governing the "treatment and care of the mentally ill" by physicians and hospitals. In both of the above instances it appears that under the law of Iowa, Judge Stephenson considered doctors and hospitals are only "required to use that degree of knowledge, skill, care and attention exercised by others in like circumstances" in like communities, and, in so stating, the reference to "calculated risk" is factually, not legally, premised. Therefore, reference thereto could not, and did not, constitute reversible error as appellant here claims. Cf. Graver Tank & Mfg. Co. v. Linde Air Products Co., supra.

Rightly viewed, references to "calculated risk" appearing in Judge Stephenson's opinion, ante, can only be weighed in relation to his consideration of the expert testimony adduced before him, and not as to the "degree of care" imposed by Iowa law on hospitals and physicians generally, as defined in Daiker v. Martin, 250 Iowa 75, 91 N.W.2d 747 (1958); Wilson v. Corbin, supra; Whetstine v. Moravec, 228 Iowa 352, 291 N. W. 425 (1940). In the context in which "calculated risk" is used in Judge Stephenson's opinion, supra, we think it can only be considered from the standpoint that whatever formula is followed by a psychiatrist for the testing of irresponsibility of a patient, there will be difficulties which cannot be measured with accuracy, and that the traditional clinical analysis and foundation for determining individual responsibility is itself a question to be personally resolved by a psychiatrist in the light of modern psychiatry. So considered, Judge Stephenson merely stated that regardless of the usual and ordinary analysis a psychiatrist professionally follows in making a diagnosis, there is much more to that vexing problem than a mere formula for a test; and the degree of flexibility to be followed in some particularly pathetic case is a standard that cannot be legally defined, but is inherent in the practice of psychiatry generally. By implicitly recognizing that matter in applying the "degree of care" i. e. the standard demanded by Iowa law, ante, Judge Stephenson did not commit reversible error as appellant here asserts.

The judgment appealed from is affirmed.