Hazel **LEWIS**, Administratrix of the Estate of Ralph Edward Mott, Deceased, Plaintiff,

v.

**SUPER VALU STORES, INC.,** Defendant.

Civ. No. 6–1610–C.

United States District Court S. D. Iowa, Central Division.

Oct. 4, 1965.

Don J. Wilson, West Des Moines, Iowa, for plaintiff.

J. Rudolph Hansen, Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This action was brought by Hazel Lewis, Administratrix of the Estate of Ralph Edward Mott, deceased, for damages arising out of the death of decedent on account of the alleged negligence of defendant's driver, who was operating defendant's truck at the time of the accident. Defendant, Super Valu Store, Inc., a Delaware Corporation, which had its principal place of business in Minnesota, removed the action to this court. Jurisdiction is based on diversity of citizenship existing between the plaintiff and defendant. Trial by jury was not requested and the case was tried to the Court. Excellent briefs have been furnished the Court by counsel for both parties.

This tragic accident occurred on June 26, 1964, at Cedar Rapids, Iowa. Decedent, a boy of eleven, accompanied his father, who drove from Des Moines to Cedar Rapids and delivered merchandise for defendant company. Defendant's driver had secured the company's permission to allow his son to accompany him on deliveries. The boy had accompanied his father on previous trips. The accident occurred about 9:30 a. m., as decedent's father was preparing to unload merchandise at a receiving dock. Decedent assisted his father in opening the rear doors of the delivery truck. The last time decedent was seen by his father, decedent was standing about in the middle of the dock and back from the front edge. The last comment the father recalls is his remark to the boy "stand back." Thereafter, defendant's driver commenced backing toward the dock which was then about twenty feet from the truck. As he backed up the driver could see the dock but he did not observe the boy. He backed slowly, in his words, "awful slow", "slower than a walk." When he reached the dock he got out and discovered his son in an erect position pinned between the left corner of the truck and the building at the dock edge.

Plaintiff claims defendant's driver was negligent under the doctrine of res ipsa loquitur in Division I, and in Division II it is claimed said driver was negligent in failing to keep a proper lookout and in failing to have his vehicle under proper control. Defendant company denies its driver was negligent and further denies that, if negligent, such negligence was the proximate cause of the accident. Additional defenses urged involve the question of whether plaintiff's decedent was free from contributory negligence and the issue of whether recovery can be had by the estate of an unemancipated minor for the alleged tort of a company based on the negligence of the minor's father.

The first issue to be resolved is whether the defendant's driver was negligent in any of the respects urged. Plaintiff argues that defendant's driver was negligent in failing to keep a proper lookout. Proper lookout means the duty of seeing that which is clearly visible or which in the exercise of ordinary care would be visible. It includes being watchful of the movements of one's own vehicle as well as other things seen or seeable. Under certain circumstances it may require care to discover whether the injured party was in a place of safety from possible injury by the contemplated movement of the truck. McClenahan v. Des

Moines Transit Co., 132 N.W.2d 471 (Iowa 1965). Plaintiff urges that before an operator moves a vehicle he must determine whether persons are in a place of safety from possible injury by the contemplated movement. Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465, 50 A.L.R.2d 964 (1954); Devore v. Schaffer, 245 Iowa 1017, 65 N.W.2d 553, 51 A.L.R.2d 1041 (1954). These rules of "lookout" are well established. The difficulty arises in their application to specific facts.

■ In the matter at hand it is the view of the Court that defendant's driver kept a proper lookout. Before backing up his truck he knew his son was in a position of safety on the loading dock and admonished him to "stand back." He backed up very slowly, obviously for the purpose of parking the rear end of the truck up against the dock without bumping it with undue force. He did not hit the dock hard. The driver was not bound to anticipate that decedent would leave a place of safety and place himself in a position of danger between the truck and the dock or wall adjacent thereto. Nelson v. Mitten, 218 Iowa 914, 255 N.W. 662 (1934). It is recognized that decedent, a boy of eleven, cannot be expected to use the prudence and caution of a mature person. Webster v. Luckow, 219 Iowa 1048, 258 N.W. 685 (1935). However, here there are several factors which would cause a reasonably prudent person to anticipate the boy would not place himself in a position of danger behind the truck. He was an obedient child and had had considerable experience around trucks, having ridden with his father over a five-year period (since prior to 1959). He was a child of average intelligence and in good health. His father had every reason to believe the boy would remain in a position of safety. There was no change in the course of movement of the truck which was backed up slowly and continuously over a distance of about twenty feet to the loading dock. Under the circumstances nothing further could reasonably be required of the driver in keeping a proper lookout. The charge that defendant's driver failed to have his vehicle under control is completely unsupported and will be eliminated as a possible specification of negligence without further discussion.

■ The remaining allegation of negligence is under the doctrine of res ipsa loquitur. The truck was under the exclusive management and control of defendant's driver and thus one of the requirements for application of that doctrine is present. However, it cannot be said that the occurrence here is such as in the ordinary course of things would not happen if reasonable care had been used by the driver. The probability of negligence is not sufficiently strong under the circumstances of this case to warrant the application of the doctrine. Shinofield v. Curtis, 245 Iowa 1352, 66 N.W.2d 465 (1954). Even if applicable the doctrine permits but does not compel an inference that the driver was negligent. Scott v. City of Sioux City, 255 Iowa 650, 123 N.W.2d 402 (1963); John Rooff & Sons, Inc. v. Winterbottom, 249 Iowa 122, 86 N.W.2d 131 (1957). Under the facts of this case if the doctrine were applied the inference of negligence is erased by facts already discussed indicating to the contrary.

In view of the Court's finding that plaintiff has failed to establish that defendant's driver was negligent in any respect, the issues of proximate cause and freedom from contributory negligence need not be reached. Likewise the question raised as to whether the estate of an unemancipated minor may recover for the alleged tort of a defendant company based on the negligence of the minor's father need not be answered. Blunt v. Brown, 225 F.Supp. 326 (S.D. Iowa 1963).

The foregoing shall constitute the Court's findings of fact and conclusions of law. Judgment will accordingly be entered for the defendant at plaintiff's costs.