Hazel LEWIS, Administratrix of the Estate of Ralph Edward Mott, Deceased, Appellant,

v.

SUPER VALU STORES, INC., Appellee.

No. 18244.

United States Court of Appeals
Eighth Circuit.

Aug. 15, 1966.

Don J. Wilson, of Wilson, Maley & Stamatelos, West Des Moines, Iowa, for appellant; Charles F. Glenn, of Wilson, Maley & Stamatelos, West Des Moines, Iowa, on the brief.

J. Rudolph Hansen, of Hansen, Wheatcraft, Galvin & McClintock, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Hazel Lewis, Administratrix of the Estate of Ralph Edward Mott, Deceased, from final judgment dismissing her complaint seeking damages for wrongful death of Ralph Edward Mott alleged to have been proximately caused by the negligence of Ralph L. Mott, driver of the truck of defendant Super Valu Stores, Inc., involved in the accident.

This case was tried to the court without a jury. The trial court's memorandum opinion, which incorporates its findings of fact and conclusions of law, is reported at 249 F.Supp. 852. Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

Plaintiff in the first division of her complant sought recovery under the doctrine of res ipsa loquitur. In the second division, specific negligence was pleaded

—failure to keep proper lookout and failure to have vehicle under control. The trial court found as a fact that the driver of the defendant's truck was not guilty of negligence under any theory pleaded.

Ralph L. Mott, father of decedent, was employed by the defendant to operate a large delivery truck. On June 26, 1964, the date of the fatal accident, decedent with the permission of the defendant accompanied his father on his truck route, as he had done on many previous occasions. At 9:30 a. m., the truck arrived at a store in Cedar Rapids, Iowa, to make a delivery. Decedent and his father got out of the truck and opened the rear door thereof preparatory to backing it up to the loading dock. The son then occupied a place of safety on the loading dock and was told by his father to stand back. The father proceeded to back the truck slowly and directly to the loading dock. He could not see his son on the dock by reason of the obstruction caused by the open rear door of the truck. The son met his death by being crushed between the truck and the building. There were no eye-witnesses to the accident and no evidence to show how or why the son had moved from his prior position of safety. Decedent was eleven years of age at the time of the accident. He was a bright, healthy and obedient child.

Plaintiff as grounds for reversal urges:

I. As a matter of law, defendant's driver did not keep a proper lookout.

II. The court erred in denying recovery on the res ipsa loquitur doctrine.

Plaintiff also raises the point that under the Iowa no eyewitness rule a presumption exists that decedent exercised ordinary care for his own safety and that a child under fourteen years of age is not chargeable with contributory negligence. We agree with the defendant that such points have no material bearing upon this appeal. The trial court, having determined that the defendant was not guilty of negligence, had no occasion to consider the contributory negligence issue. The issue on this appeal is whether the court committed error in determining defendant was guilty of no negligence.

Plaintiff's contention that a motor vehicle driver must assume that a child under fourteen may act without any care will be considered in our discussion of point I, supra.

 Rule 52(a), of the Federal Rules of Civil Procedure, clearly provides that findings made by a court in a case tried without a jury shall not be set aside unless clearly erroneous. Findings of fact can be set aside only upon a clear demonstration that they are without substantial evidentiary support or that they are induced by an erroneous view of the law. The clearly erroneous standard likewise applies to reasonable inferences to be drawn from stipulated or undisputed facts, and it is for the trial court rather than the appellate court to draw legitimate and permissible inferences. Baker v. United States, 8 Cir., 343 F.2d 222, 224; Cole v. Neaf, 8 Cir., 334 F.2d 326, 329.

### I.

We now reach for consideration plaintiff's contention that the court should have determined as a matter of law that the defendant's driver did not keep a proper lookout. The trial court in its opinion accurately and concisely summarizes with supporting authority the Iowa law relating to the duty of a motor vehicle driver to maintain a lookout. In Devore v. Schaffer, 245 Iowa 1017, 65 N.W.2d 553, 557, 51 A.L.R.2d 1041, the court thus defines "lookout":

> "As used in connection with the operation of a motor vehicle it has no technical legal significance. Its meaning depends on the context. Here, as applied to defendant, it could only mean care to discover whether plaintiff was in a place of safety from possible injury by the contemplated movement of the truck and trailer."

See McClenehan v. Des Moines Transit Co., 132 N.W.2d 471, 474.

In Nelson v. Mitten, 218 Iowa 914, 255 N.W. 662, 664, the court in affirming a

directed verdict for the defendant in a personal injury action states:

"There was no duty on the part of the appellee to protect the appellant from the injury of which the appellant complains, for the appellee had no notice or no idea that the appellant would move from the zone of safety in which he was, into the dangerous position behind the truck. The driver of the truck was under no legal obligation to make search around and under his truck, for, when he left the appellant to get into the truck to drive it away, the appellant was in a place of safety."

In *Nelson* which was cited and relied upon by the trial court, the plaintiff was a fifty-nine year old man. Here the decedent was an eleven year old boy. Without doubt, the age of the victim is an important factor entitled to consideration. The Iowa cases relied upon by the plaintiff, such as Schlotterbeck v. Anderson, 238 Iowa 208, 26 N.W.2d 340, and Webster v. Luckow, 219 Iowa 1043, 258 N.W. 685, recognize that a duty exists on the part of a driver to anticipate that a child under fourteen on or near the street may suddenly dash into the path of his vehicle. These cases go no further than to determine that a fact issue was presented and that the fact-finder's determination of negligence was supported by substantial evidence.

As stated by the plaintiff and conceded by the defendant, the standard for determining negligence is that of the ordinary, prudent person under the same circumstances. In our present case, the trial court gave full recognition to the Iowa holdings above cited to the effect that a child of tender years cannot be expected to exercise the care and caution of an adult. The court in support of its determination that the defendant driver was not negligent states:

"However, here there are several factors which would cause a reasonably prudent person to anticipate the boy would not place himself in a position of danger behind the truck. He was an obedient child and had had considerable experience around trucks, having ridden with his father over a five-year period (since prior to 1959). He was a child of average intelligence and in good health. His father had every reason to believe the boy would remain in a position of safety. There was no change in the course of movement of the truck which was backed up slowly and continuously over a distance of about twenty feet to the loading dock. Under the circumstances nothing further could reasonably be required of the driver in keeping a proper lookout." 249 F.Supp. 852, 854.

Additionally, the evidence as found by the trial court clearly reflects that the decedent son had helped his father open the truck doors; that he knew his father was going to back up the truck to the dock; that his father saw his son was in a place of safety immediately before he started the back-up operation; that the father told the son to stand back; that the son had obeyed similar instructions on previous occasions and that the truck moved back slowly in its normal path to the dock. We further observe that here, unlike the situation in most of the reported cases, the father had intimate knowledge of the intelligence, understanding, obedience and other characteristics of the child injured by the accident. Such information in our view is entitled to consideration in determining whether the father-driver acted as a reasonable, prudent person would under the circumstances of this case.

█ The trial court's determination as a fact that the defendant's driver exercised ordinary care with respect to lookout under the circumstances here presented is supported by substantial evidence and is not clearly erroneous. We note here parenthetically that the specification of lack of control urged in the trial court and decided adversely to the plaintiff is not briefed upon this appeal.

We are in full agreement with the trial court's conclusion that plaintiff has not met the burden of establishing lack of control.

## II.

The trial court properly denied recovery under the doctrine of res ipsa loquitur for the reasons stated in its reported opinion. 249 F.Supp. 852, 854.

The judgment appealed from is affirmed.