**UNITED STORES OF AMERICA, INC.,**
a corporation, Appellant,

v.

**INSURANCE CONSULTANTS, INC.,**
a corporation, Appellee.

**No. 71–1736.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1972.

Decided Oct. 24, 1972.

Samuel J. Goldenhersh, Goldenhersh & Newman, St. Louis, Mo., for appellant.

Ralph C. Kleinschmidt, Evans & Dixon, and Kohn, Shands & Gianoulakis, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY, District Judge.*

MEHAFFY, Circuit Judge.

This appeal is from a judgment in a nonjury diversity case tried to The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, Eastern Division. Appellant sought damages for the uninsured portion of a fire loss claiming appellee was negligent and breached an oral contract to provide insurance. The issues before us are primarily factual ones. Federal Rule of Civil Procedure 52(a) precludes us from substituting our judgment for that of the trial court on findings of fact. The court's findings of fact were supported by ample evidence, and accordingly we affirm.

Appellant, a Delaware corporation, owned and operated a discount store in Collinsville, Illinois, that was seriously damaged by fire in 1966. Appellee, a Missouri corporation, is the successor to the rights and liabilities of Jack R. Smith Insurance Agency, Inc., also a Missouri corporation. In its complaint, appellant alleged that on the date of the fire its Collinsville store was underinsured, that this lack of coverage was due to Jack R. Smith's negligence and breach of oral contract to obtain insurance, and that as a result of being underinsured it suffered $305,314.00 in damages.

In its Memorandum Opinion, 332 F.Supp. 640, the district court concluded, as a finding of fact, that there was an oral contract between appellant and Jack R. Smith, but that the contract was only for Smith "to do the best he could as soon as he could" with regard to obtaining fire insurance for appellant.[1] Further, the district court found that the relationship between appellant and Smith did give rise to a duty for Smith to exercise customary business skill and care in seeking additional coverage for appellant. On the evidence presented, however, the district court found that Smith did not breach his duty of care.

We have held in an unbroken line of decisions that in a case tried to

---

* Sitting by designation.

1. The trial court held:
"The Court finds, as a fact, that Smith did not commit himself to procure $502,800 fire and extended coverage insurance as alleged. The facts of this case show that within the reasonable contemplation of the parties Smith only agreed to do the best he could as soon as he could. This he did. The Court finds as a fact that the only commitment made by the defendant to plaintiff was to do what he could and that there is no evidence from which an agreement could be assumed that the defendant, or Smith, agreed to furnish any specified fire and extended coverage on the property which was subsequently destroyed by fire. There is also no believable evidence from which it could be inferred that Smith was negligent in his efforts on behalf of plaintiffs." 332 F.Supp. at 643.

the court without a jury findings of fact can be set aside only upon clear demonstration that they are without substantial evidentiary support. In Cole v. Neaf, 334 F.2d 326, 329–330 (8th Cir. 1964), we stated:

"In actions tried to a court without a jury, Fed.R.Civ.P. 52(a) expressly places the responsibility upon the trial court for resolving doubtful fact issues. We are not privileged to try the case de novo and substitute our judgment for that of the trial court. Findings of fact can be set aside only upon clear demonstration that they are without substantial evidentiary support or that they are induced by an erroneous view of the law.

"We have repeatedly and consistently held, at least subsequent to the Supreme Court's decision in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L. Ed.2d 1218, that the clearly erroneous standard applies to reasonable inferences to be drawn from stipulated or undisputed facts and that it is for the trial court rather than this court to draw legitimate and permissible inferences." (Citations omitted.)

The above language, or its substance, is frequently quoted with approval. *E. g.,* Worthen Bank & Trust Co. v. Franklin Life Ins. Co., 370 F.2d 97, 99–100 (8th Cir. 1966); Lewis v. Super Valu Stores, Inc., 364 F.2d 555, 556 (8th Cir. 1966); Baker v. United States, 343 F.2d 222, 224 (8th Cir. 1965); Barryhill v. United States, 300 F.2d 690 (8th Cir. 1962) (similar holding antedating *Duberstein* and *Cole*).

■ Appellant's primary nonfactual contention for reversal is that the district court applied an incorrect standard of care in measuring the conduct of Smith. Appellant argues that the trial court applied a standard of simple ordinary care, while the proper standard is that degree of care and diligence customarily exercised by others in the profession. Assuming for the present that appellant has properly stated the applicable standard of care, we do not agree that the district court applied an improper standard. Appellant's argument relies exclusively on the following statement in the court's Memorandum Opinion:

"In the present case the Court, having found that defendant did not undertake to procure insurance coverage of a specified amount for plaintiff, and did not fail to exercise *ordinary* care, finds the defendant is not liable to plaintiff under the above principles." (Emphasis added.) 332 F.Supp. at 644.

When read out of context, this sentence would seem to imply that a standard of ordinary care, and no more, was employed in reaching the decision. The full text of the opinion, however, leaves no room for doubt that the district court used the word "ordinary" in the sentence quoted above simply as a shorthand reference to the standard it had discussed in detail in the preceding paragraph. Thus, the opinion states:

"If the agent or broker fails to act *with the proper and customary skill and care generally used by those in a like business,* such neglect or breach of duty will render him liable in damages. . . . " (Emphasis added.) 332 F.Supp. at 643–644.

The district court clearly applied the standard which is urged upon us by appellant as the proper standard.

Various other points are raised by the parties, all of which relate to the findings of fact made by the district court. After a review of the briefs and the record, we have concluded that the findings of fact were supported by substantial evidence and were not clearly erroneous.

The judgment of the district court is affirmed.